# United States Bankruptcy Court
Pg 1 of 17

## Southern District of New York
### Manhattan Division

| | **VOLUNTARY PETITION** |
|---|---|

| **Name of Debtor - (If individual, enter Last, First, Middle):** | **Name of Joint Debtor (Spouse) (Last, First, Middle):** |
|---|---|
| **Calpine Corporation** | **None** |

| **All Other Names used by the Debtor in the last 8 years** (include married, maiden, and trade names): | **All Other Names used by the Joint Debtor in the last 8 years** (include married, maiden, and trade names): |
|---|---|
| **None** | |

| **Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.** (if more than one, state all): | **Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.** (if more than one, state all): |
|---|---|
| 77-0212977 | |

| **Street Address of Debtor (No. & Street, City, and State):** | **Street Address of Joint Debtor (No. & Street, City, andvState):** |
|---|---|
| 50 West San Fernando Street<br>San Jose, CA  **Zip Code** 95113 | **Zip Code** |

| **County of Residence or of the Principal Place of Business:** Santa Clara | **County of Residence or of the Principal Place of Business:** |
|---|---|

| **Mailing Address of Debtor (if different from street address):** | **Mailing Address of Joint Debtor (if different from street address):** |
|---|---|
| **Zip Code** | **Zip Code** |

| **Location of Principal Assets of Business Debtor:** (if different from address listed above) | **Attorney for Debtor:** Matthew A. Cantor    MC 7727<br>Kirkland & Ellis LLP<br>Citicorp Center<br>153 East 53rd Street    Tel: (212) 446-4800<br>New York, NY 10022-4611    Fax: (212) 446-4900 |
|---|---|
| **Zip Code** | |

**Type of Debtor** (Form of Organization) **(Check one box)**

- [ ] Individual (includes joint debtors)
- [X] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and provide the information requested below.)
  - State type of entity: _____

**Nature of Business** (Check all applicable boxes)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)**

- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts (Check one box)**

- [ ] Consumer/Non-Business
- [X] Business

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [X] Debtor is not a small business under 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee (Check one box)**

- [X] Full filing fee attached
- [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B

**Statistical/Administrative Information  (Estimates only)**

- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

Prepared using Bankruptcy Plus® by Cornerstone Computer Group Inc., Bellingham, Washington (800) 397-8238

| **Voluntary Petition**<br>(This page must be completed and filed in every case). | **Name of Debtor(s):**<br>Calpine Corporation |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheets)** |||
|---|---|---|
| **Location**<br>**Where Filed:**   None | **Case Number** | **Date Filed** |

| **Pending Bankruptcy Case Filed By Any Spouse, Partner Or Affiliate Of This Debtor (If more than one, attach additional sheet)** |||
|---|---|---|
| **Name of Debtor**   None | **Case Number** | **Date Filed** |
| **District** | **Relationship** | **Judge** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d)  of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12,  or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐  Exhibit A is attached and made a part of this petition | X _____<br>        Signature of Attorney for Debtor(s)                  Date |

| **Exhibit C**<br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☒  Yes, and Exhibit C is attached and made part of this petition.<br>☐  No | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)**<br><br>☐  I/we have received approved budget and credit counseling during the 180-day period preceeding the filing of this petition.<br><br>☐  I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances.  (Must attach certification describing.) |
|---|---|

**Information Regarding the Debtor (Check the Applicable Boxes)**

**Venue (Check any applicable box)**

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of a Residential Property**

*Check all applicable boxes*

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition.

Prepared using Bankruptcy Plus® by Cornerstone Computer Group Inc., Bellingham, Washington (800) 397-8238

| Voluntary Petition<br>(This page must be completed and filed in every case). | Name of Debtor(s):<br>Calpine Corporation |
|---|---|

## SIGNATURES

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

(If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 and 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice requited by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.


_____
Signature of Debtor


_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition ot the foreign main proceeding is attached.

X_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney

 /s/Matthew A. Cantor
_____
Signature of Attorney for Debtor(s)

Matthew A. Cantor                              MC 7727
_____
Printed Name of Attorney for Debtor(s)

Kirkland & Ellis LLP
_____
Firm Name

Citicorp Center

153 East 53rd Street

New York, NY  10022-4611
_____
Address

(212) 446-4800                              (212) 446-4900
_____
Telephone Number                              Fax Number

December 20, 2005
_____
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that:  1) I  am a bankruptcy petition preparer as defined in 11 U.S.C. § 110,  2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b);  and,  3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19B is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer) (Required by 11 U.S.C. § 110)

_____
Address


_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/Eric Pryor
_____
Signature of Authorized Individual

Eric Pryor
_____
Printed Name of Authorized Individual

Executive Vice President
_____
Title of Authorized Individual

December 20, 2005
_____
Date

**Calpine Corporation**

EXHIBIT A TO VOLUNTARY PETITION

1.  If any of Debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is:  001-12079.

2.  The following financial data is the latest available information and refers to the Debtor's condition on December 19, 2005:

    a.  Total assets: $26,628,755,663.00

    b.  Total debts:  $22,535,577,121.00

    c.  Description of publicly traded debt:

| Issuance | Issue Amount | Outstanding Principal Amount | Maturity | Secured / Unsecured | Approx No. of Holders |
|---|---|---|---|---|---|
| 6.00% Convertible Senior Notes Due 2014 | $736,000,000 | $641,685,000.00 | 9/30/2014 | Unsecured | 33 |
| 8 ½ % Senior Notes Due 2011 | $2,000,000,000 | $682,791,000.00 | 2/15/2011 | Unsecured | 111 |
| 8 5/8 % Senior Notes Due 2010 | $750,000,000 | $411,137,000.00 | 8/15/2010 | Unsecured | 76 |
| 7 7/8% Senior Notes Due 2008 | $400,000,000 | $173,761,000.00 | 4/1/2008 | Unsecured | 61 |
| 7 ¾ % Senior Notes Due 2009 | $350,000,000 | $180,602,000.00 | 4/15/2009 | Unsecured | 57 |
| 8 ¾ % Senior Notes Due 2007 | $275,000,000 | $190,299,000.00 | 7/15/2007 | Unsecured | 83 |
| 10 ½ Senior Notes Due 2006 | $180,000,000 | $139,205,000.00 | 5/15/2006 | Unsecured | 74 |
| 9 7/8 % Senior Notes Due 2011 | $400,000,000 | $400,000,000.00 | 12/1/2011 | Secured | 41 |
| 4.75 % Convertible Notes Due 2023 | $900,000,000 | $633,775,000.00 | 11/15/2023 | Unsecured | 28 |
| Senior Secured Floating Rate Notes Due 2007 | $500,000,000 | $488,750,000.00 | 7/15/2007 | Secured | 34 |

| Issuance | Issue Amount | Outstanding Principal Amount | Maturity | Secured / Unsecured | Approx No. of Holders |
|---|---|---|---|---|---|
| 4 % Convertible Senior Notes Due 2006 | $1,200,000,000 | $1,311,000.00 | 12/26/2006 | Unsecured | 12 |
| 7.75 % Convertible Notes Due 2015 | $650,000,000 | $650,000,000.00 | 6/1/2015 | Unsecured | 12 |
| 9.625% Senior Notes Due 2014 | $785,000,000 | $646,105,000.00 | 9/30/2014 | Secured | 26 |
| 8 ½ % Senior Notes Due 2010 | $1,150,000,000 | $1,150,000,000.00 | 7/15/2010 | Secured | 53 |
| 8 ¾ % Senior Notes Due 2013 | $900,000,000 | $900,000,000.00 | 7/15/2013 | Secured | 31 |
| Senior Secured Term Loans Due 2007 | $750,000,000 | $733,125,000.00 | 7/15/2007 | Secured | 10 |
| 7 5/8 % Senior Notes Due 2006 | $250,000,000 | $102,194,000.00 | 4/15/2006 | Unsecured | 65 |

      d.  Description of publicly traded equity:

          i.  Number of outstanding shares as of December 8, 2005: 569,383,068

        ii.  Approximate number of holders as of December 8, 2005:  180,339

3. Brief description of the Debtor's business:  Calpine Corporation, together with its direct and indirect subsidiaries is involved in the development, construction, ownership and operation of power generation facilities and the sale of electricity and its by-product, thermal energy, primarily in the form of steam, predominantly in North America.

4. The Debtor's do not believe any person owns, controls, or holds, directly or indirectly, with power to vote, 5% or more of the of the voting securities of the Debtor as of December 8, 2005.

# United States Bankruptcy Court

Southern District of New York

Manhattan Division

**In re: Calpine Corporation**

Debtor

Case No. _____

(If Known)

**Chapter   11**

# Exhibit "C" to Voluntary Petition

1.  **Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):**

    None.

2.  **With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):**

    The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form.  The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm.  The Debtor owns or possesses certain property that is subject to investigation or remediation under environmental laws.

_0_   continuation sheet(s) attached

FINAL
**Adopted by the Board of Directors on December 20, 2005**

## CALPINE CORPORATION

## RESOLUTIONS OF THE BOARD OF DIRECTORS

## CHAPTER 11 PROCEEDING

### December 20, 2005

I.   **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

WHEREAS, the Board of Directors of Calpine Corporation, a Delaware corporation (the "Company") has considered and reviewed the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business;

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully considered each of the strategic alternatives available to the Company;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code;

RESOLVED FURTHER, that the Chief Executive Officer, President, any Executive Vice President, any Senior Vice President, the Chief Financial Officer, the Secretary or the Assistant Secretary of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Covington & Burling LLP as special

1

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Covington & Burling LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Thelen Reid & Priest LLP as special counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Thelen Reid & Priest LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AP Services, LLC as crisis managers to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of AP Services, LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP as auditors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PA Consulting Group, Inc. as energy industry consultants to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of PA Consulting Group, Inc.;

2

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Miller Buckfire & Co., LLC as financial advisors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Miller Buckfire & Co., LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as tax consultants to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of KPMG LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under title 11 of the United States Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

3

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

## II.   Debtor In Possession Financing

### A.   Revolving Credit Term Loan and Guaranty Agreement

RESOLVED FURTHER, that the Company, as debtor and debtor in possession under chapter 11 of title 11 of the United States Code shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the officers of the Company in connection with such borrowings;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the Revolving Credit Term Loan and Guaranty Agreement (the "Agreement") and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"), and such Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officers are hereby approved; (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the Administrative Agent; and (c) such forms of deposit account control agreements, officer's certificates and compliance certificates as may be required by the Agreement or any other Financing Document;

RESOLVED FURTHER, that the Board of Directors hereby authorizes the Administrative Agent to file any financing statements, assignments for security or other documents in the name of the Company as may be necessary or desirable to perfect the security interests granted to the Lenders in the Financing Documents;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the Agreement or any of the other Financing Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Company's obligations under or in connection with the Agreement or any of the other Financing Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions;

4

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Amendment or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable;

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Agreement and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified;

RESOLVED FURTHER, that all capitalized terms used in the resolutions under the caption "REVOLVING CREDIT TERM LOAN AND GUARANTY AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement;

### III.   Further Actions and Prior Actions

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

\* \* \* \* \*

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

## CALPINE CORPORATION

## RESOLUTIONS OF THE BOARD OF DIRECTORS

## CHAPTER 11 PROCEEDING

**December 20, 2005**

I.      **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

WHEREAS, the Board of Directors of Calpine Corporation, a Delaware corporation (the "Company") has considered and reviewed the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business;

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully considered each of the strategic alternatives available to the Company;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code;

RESOLVED FURTHER, that the Chief Executive Officer, President, any Executive Vice President, any Senior Vice President, the Chief Financial Officer, the Secretary or the Assistant Secretary of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Covington & Burling LLP as special

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Covington & Burling LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Thelen Reid & Priest LLP as special counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Thelen Reid & Priest LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AP Services, LLC as crisis managers to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of AP Services, LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP as auditors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PA Consulting Group, Inc. as energy industry consultants to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of PA Consulting Group, Inc.;

2

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Miller Buckfire & Co., LLC as financial advisors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Miller Buckfire & Co., LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as tax consultants to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of KPMG LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under title 11 of the United States Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

3

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

## II.   Debtor In Possession Financing

### A.   Revolving Credit Term Loan and Guaranty Agreement

RESOLVED FURTHER, that the Company, as debtor and debtor in possession under chapter 11 of title 11 of the United States Code shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the officers of the Company in connection with such borrowings;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the Revolving Credit Term Loan and Guaranty Agreement (the "Agreement") and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"), and such Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Officers are hereby approved; (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the Administrative Agent; and (c) such forms of deposit account control agreements, officer's certificates and compliance certificates as may be required by the Agreement or any other Financing Document;

RESOLVED FURTHER, that the Board of Directors hereby authorizes the Administrative Agent to file any financing statements, assignments for security or other documents in the name of the Company as may be necessary or desirable to perfect the security interests granted to the Lenders in the Financing Documents;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the Agreement or any of the other Financing Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Company's obligations under or in connection with the Agreement or any of the other Financing Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions;

4

**FINAL**
**Adopted by the Board of Directors on December 20, 2005**

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Amendment or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable;

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Agreement and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified;

RESOLVED FURTHER, that all capitalized terms used in the resolutions under the caption "REVOLVING CREDIT TERM LOAN AND GUARANTY AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement;

## III.    Further Actions and Prior Actions

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

\* \* \* \* \*

5

## SECRETARY'S CERTIFICATE

The undersigned, Ann Curtis, Secretary of Calpine Corporation, a Delaware corporation (the "Company"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify same on behalf of the Company.

2.  Attached hereto is a true, complete and correct copy of the resolution of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on December 20, 2005, by a majority of the votes of the quorum of directors there present, in accordance with the bylaws of the Company.

3.  Such resolution has not been amended, altered, annulled, rescinded or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors of the Company relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the ___ day of December, 2005.

_____
Ann B. Curtis
Secretary