**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| Calpine Corporation, et al., | ) Case No. 05-60200 (BRL) |
| Debtors. | ) (Jointly Administered) |

**INTERIM ORDER AUTHORIZING DEBTORS TO: (I) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; (II) CONTINUE INTERCOMPANY TRANSACTIONS AND PROVIDE ADMINISTRATIVE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS; (III) CONTINUE TO USE EXISTING CHECKS AND BUSINESS FORMS AND (IV) CONTINUE TO USE EXISTING INVESTMENT PRACTICES**

This matter coming before the Court on the "Motion For Order Authorizing Debtors To: (I) Continue To Use Their Existing Cash Management System And Bank Accounts; (II) Continue Intercompany Transactions and Provide Administrative Priority Status To Postpetition Intercompany Claims; (III) Continue To Use Existing Checks And Business Forms; And (IV) Continue To Use Existing Investment Practices" (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances, and (d) cause exists, within the meaning of section 345(b) of title 11 of the United States Code (the "Bankruptcy Code"), to permit the Debtors to continue to invest and deposit funds in accordance with the terms hereof; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**[1]

1. The Motion is GRANTED.

2. The Debtors are authorized to continue to use their Cash Management System, including the continued use of their existing Bank Accounts (including the Inactive Accounts) with the same names and account numbers as existed immediately prior to the chapter 11 cases, except as may otherwise be required by the DIP Order and/or the cash Collateral Order.

3. The Debtors are authorized to deposit funds in and withdraw funds from the Bank Accounts by all usual means, including, but not limited to, checks, wire transfers, electronic funds transfers and other debits, and to otherwise treat the prepetition Bank Accounts (and any accounts opened postpetition) for all purposes as debtor in possession accounts.

4. Any requirements to establish separate accounts for cash collateral and/or tax payments are waived.

5. All banks with which the Debtors maintain the Bank Accounts are authorized and directed to continue to maintain, service and administer the Bank Accounts, except that such banks shall not be authorized to honor any check issued or dated prior to the Petition Date absent an order of this Court provided however, the banks and other financial institutions shall be authorized and directed to honor those checks issued by the Debtors prior to the Petition Date to various governmental taxing authorities on account of the prepetition property taxes incurred by the Debtors. Such banks shall have no liability to any party for relying on the directions of the Debtors as provided herein.

6. Nothing herein shall prevent the Debtors from opening new debtor in possession bank accounts or closing any existing Bank Accounts as they deem necessary and appropriate, in the ordinary course and/or pursuant to any applicable cash collateral or postpetition financing orders.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

7. The Debtors are authorized, from and after the Petition Date, to continue to engage in the Intercompany Transactions in the ordinary course of business and/or pursuant to applicable intercompany services agreements, except as may be otherwise required by the DIP Order and/or the Cash Collateral Order.

8. The Debtors are authorized to continue to use their existing correspondence and other business forms, which forms shall not be required to include the legend "Debtor in Possession" or other similar legend.

9. The Debtors also are authorized to continue to use their existing check stock, provided, however, that as soon as practicable, the Debtors will manually imprint the legend "debtor in possession" on existing checks.

10. Upon depletion of the Debtors' check stock and/or business forms stock, the Debtors are directed to obtain new check stock and/or business forms stock reflecting their status as debtors in possession.

11. The Debtors are authorized, on an interim basis pending final hearing, to invest and deposit funds in accordance with their prepetition overnight investment practices and/or their Investment Guidelines without the need for any additional agreements not utilized prior to the Petition Date, notwithstanding that certain of such practices may not strictly comply in all respects with the investment guidelines expressly set forth in section 345 of the Bankruptcy Code. Such final hearing shall be scheduled not less than 60 days from the date hereof, without prejudice to the rights of any party to seek an adjournment.

12. All applicable banks and other financial institutions are authorized, on an interim basis pending final hearing, to accept and hold or invest funds, at the Debtors' direction, in accordance with the Debtors' prepetition overnight investment practices and/or the Debtors' Investment Guidelines.

13. A final hearing on the Debtors' request for the continuance of their prepetition investment practices is scheduled before this Court on January 25, 2006, at 10:00 a.m.

K&E 10862677.11

14. Pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, all Intercompany Claims, to the extent that such claims are held by a Debtor or Non-debtor Affiliate against a Debtor, are accorded administrative expense status, subject to the provisions of the DIP Order and the Cash Collateral, as applicable.

15. To the extent that any affiliates of the Debtors subsequently commence chapter 11 cases that are jointly administered with these chapter 11 cases, the relief granted pursuant to this Order shall apply to such debtors and their respective estates.

16. Pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York, because there are no novel issues of law presented, the requirement that the Debtors file a separate memorandum of law in support of the Motion is waived.

Dated: December 21, 2005
   New York, New York      /s/Burton R. Lifland
                 United States Bankruptcy Judge