**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Calpine Corporation, <u>et al.</u>, <br><br>             Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 05-60200 (BRL) <br> ) Jointly Administered <br> ) |

**ORDER AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF**
**CERTAIN CRITICAL TRADE VENDORS**

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for an order (a) authorizing, but not directing, payment of prepetition claims of critical vendors and service providers, and (b) authorizing and directing financial institutions to honor and process checks and transfers related to such claims; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need by given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

The Motion is granted in its entirety.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

The Debtors are authorized, but not directed, in their sole discretion, to pay the Critical Vendor Claims that arose prior to the Petition Date from available funds in the aggregate amount of up to $20 million; provided, that (a) the Critical Vendor is paid by check or via wire transfer, and (b) by accepting payment, the Critical Vendor agrees to supply goods and/or services to the Debtors during these cases on Customary Trade Terms or Negotiated Trade Terms, as the case may be.

A Critical Vendor's acceptance of payment is deemed to be acceptance of the terms of this Order, and if the Critical Vendor thereafter does not provide the Debtors with goods and/or services pursuant to Customary Trade Terms or Negotiated Trade Terms, all payments on account of such Critical Vendor Claim made after the Petition Date may be deemed to be unauthorized postpetition transfers and recoverable by the Debtors in cash.

The Debtors are authorized, but not directed, to obtain written verification of Customary Trade Terms or Negotiated Trade Terms to be supplied by the Critical Vendors before issuing payment hereunder.

After the date hereof, the Debtors shall determine who is a Critical Vendor by considering, among other things, whether failure to pay the creditor's prepetition claims will have a material impact on the Debtors' business.

The Debtors shall hereafter maintain a matrix summarizing (a) the name of each Critical Vendor paid a Critical Vendor payment in the Debtors' sole discretion and in accordance with the Debtors' business practices, and (b) the amount of the Critical Vendor payment. This matrix shall be provided upon reasonable request to the United States Trustee and the professionals retained by any official committee of unsecured creditors (the "Committee") appointed by the United States Trustee; provided that the Committee's professionals shall keep the matrix

confidential and shall not disclose any of the information in the matrix to anyone, including, but not limited to, the Committee members, without prior written consent from the Debtors.

If a Critical Vendor who has received payment of a prepetition claim later refuses to continue to supply goods to the Debtors on Customary Trade Terms or Negotiated Trade Terms during the Chapter 11 Cases, the Debtors may, in their discretion, declare that provisional payments made to the Critical Vendor on account of prepetition claims be deemed to have been in payment of then outstanding postpetition claims without further order of the Court or action by any person or entity. A Critical Vendor shall then immediately repay to the Debtors any payments made to it on account of its prepetition claims to the extent that prepetition claim payments exceed the postpetition claims then outstanding without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise, it being the express intention of this Court to return the creditors to the status quo in effect as of the date of entry of this Order with respect to all prepetition claims.

All banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the Critical Vendor Claims approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment; provided, however, that sufficient funds are available in the Debtors' bank accounts to cover such payments; provided, further, that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an

approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order, including hearing any complaint to recover payments that are deemed, pursuant to the terms of this Order, to be unauthorized postpetition transfers.

To the extent that any affiliates of the Debtors subsequently commence chapter 11 cases that are jointly administered with the Chapter 11 Cases, the relief granted pursuant to this Order shall apply to such debtors and their respective estates; provided, however, that the aggregate amount paid to all Critical Vendors does not exceed $20 million, absent further order of the Court.

The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

The requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21, 2005
New York, New York        /s/Burton R. Lifland
                          United States Bankruptcy Judge