**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Calpine Corporation, et al., | ) |
| | ) Case No. 05-60200 (BRL) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER PURSUANT TO SECTIONS 365 AND 554 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of the motion seeking entry of an order approving an expedited procedure for the rejection of executory contracts and unexpired leases of personal and non-residential real property (the "Motion")[1], filed by the debtors and debtors in possession (the "Debtors") in the above-captioned Chapter 11 Cases; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby ORDERED

1. The Motion is granted in its entirety.

2. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

K&E 10866140.8

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Rejection Procedures are approved in connection with the rejection of any executory contract, lease or sublease, or interest in such lease or sublease of the Debtors during the Chapter 11 Cases as follows:

(a) The Debtors will file a Notice and will serve the Notice via overnight delivery service upon the Service Parties, advising such Service Parties of the Debtors' intent to reject the specified executory contract, lease, sublease, or interest, as well as the deadlines and procedures for filing objections to the Notice (as set forth below).

(b) The Notice shall set forth the following information, as applicable: (i) a general description of the terms of the executory contract or lease; (ii) the Debtors' monthly payment obligation, if any, under the contract, lease or sublease or interest in such lease or sublease; (iii) the remaining term of the contract, lease or sublease or interest in such lease or sublease; (iv) the name and address of the contract counter-party, landlord and/or subtenant, and, for any lease and/or sublease of real property or interest in such lease or sublease, the street address for the underlying real property, if known; and (v) a disclosure describing the procedures for filing objections, if any.

(c) Should a party in interest object to the proposed rejection by the Debtors of an executory contract, lease or sublease, or interest in such lease or sublease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties Notice Parties no later than ten (10) days after the date the Debtors serve the Notice.

(d) Absent an objection being filed within ten (10) days of the date the Debtors serve the Notice, the rejection of such executory contract, lease or sublease, or interest in such lease or sublease, shall become effective on the date the Notice was served on the Service Parties, or such other date as may be specified in the Notice without further notice, hearing or order of this Court.

(e) If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any executory contract, lease or sublease, or interest in such lease or sublease, as to which an objection is properly filed and served. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the Rejection Date. If such objection

is overruled or withdrawn or the Court does not determine the date of rejection, the Rejection Date of such lease, sublease or interest shall be deemed to have occurred on the date the Notice was served on the Service Parties.

5. Upon the rejection of an executory contract, lease or sublease, or interest in such lease or sublease, pursuant to this Order, all affected parties to such rejected executory contract, lease and/or sublease, or interest in such lease or sublease, shall be required to file a rejection damages claim, if any, by the later of (a) the claims bar date established in these Chapter 11 Cases, if any; and (b) thirty (30) days after the Rejection Date.

6. The relief granted herein shall continue to apply to any of the Debtors' affiliates and their respective estates that subsequently commence Chapter 11 cases without the need for any further requests or motions.

7. The requirement set forth in rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21, 2005
      New York, New York            /s/Burton R. Lifland
                                              United States Bankruptcy Judge

K&E 10866140.8