**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Calpine Corporation, <u>et al.</u>, <br><br>                     Debtors. | ) <br> ) <br> )   Chapter 11 <br> ) <br> )   Case No. 05-60200 (BRL) <br> )   Jointly Administered <br> ) |

**ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE TO PAY AND HONOR CERTAIN PREPETITION CLAIMS FOR (I) WAGES, SALARIES AND OTHER COMPENSATION, (II) WITHHOLDINGS AND DEDUCTIONS AND (III) REIMBURSABLE EMPLOYEE EXPENSES; (B) AUTHORIZING THE DEBTORS TO CONTINUE TO PROVIDE EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; (C) AUTHORIZING THE DEBTORS TO PAY ALL RELATED COSTS AND EXPENSES; AND (D) DIRECTING BANKS TO RECEIVE, HONOR AND PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS RELATED TO THE FOREGOING**

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (a) authorizing, but not directing, the Debtors to continue to pay and honor certain prepetition claims for, among other things (i) wages, salaries and other compensation described below, (ii) withholdings and deductions and (iii) reimbursable employee expenses; (b) authorizing, but not directing, the Debtors to continue to provide all employee health benefits and all other employee benefits in the ordinary course of business; (c) authorizing, but not directing, the Debtors to pay all related costs and expenses; and (d) directing banks to receive, honor and pay all checks and electronic payment requests related to the foregoing; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that the Court has jurisdiction over this matter

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need by given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

    1.    The Motion is granted in its entirety.

    2.    The Debtors are authorized, in their sole discretion, but not directed, to pay the Unpaid Compensation to Employees up to an aggregate of $50,000 in excess of the statutory priority cap set forth in sections 507(a)(3) and 507(a)(4) of the Bankruptcy Code.

    3.    The Debtors are authorized, in their sole discretion, but not directed to (a) pay any Spot Bonuses awarded but unpaid as of the Petition Date; and (b) make Spot Bonuses up to an aggregate of $400,000 in the 60 days following the Petition Date, to Employees below director level, in an amount not to exceed $2,500 per Employee in any case.

    4.    The Debtors are authorized, in their sole discretion, but not directed, to (a) forward the prepetition Deductions to the applicable third party recipients on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date and (b) honor and process the prepetition obligations with respect to the Payroll Taxes on a postpetition basis, in the ordinary course of business.

    5.    The Debtors are authorized, in their sole discretion, but not directed, to (a) continue reimbursing the Reimbursable Expenses, including the payment of Director Fees, in accordance with prepetition practices, (b) modify their prepetition policies relating thereto as

they deem appropriate and (c) pay all Reimbursable Expenses that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

6. The Debtors are authorized, in their sole discretion, but not directed, to continue to honor the Employee Benefits described in the Motion on a postpetition basis, and to pay any obligations owing with respect thereto, including any obligations incurred in the ordinary course prior to the Petition Date.

7. The Debtors are authorized, in their sole discretion, but not directed, to (a) allow their Employees to take Vacation Time in the ordinary course of business on a going forward basis and (b) pay Unpaid Vacation upon termination or retirement in accordance with prior practice. The Debtors are not granted authority herein to allow Employees to utilize the Vacation Cash-out policy. The Debtors specifically reserve their right to seek further authority to pay the Unpaid Vacation to the Employees upon a Vacation Cash-out request.

8. All applicable banks and other financial institutions are authorized and directed, when requested by the Debtors, in the Debtors' sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtors' accounts in respect of Unpaid Compensation, related Deductions and Withholdings, Reimbursable Expenses, Prepetition Processing Costs, Employee Obligations to the Employees on account of any uncashed checks issued in connection with the payroll issued immediately prior to the Petition Date, and such other payments as authorized by this Order, whether such checks were presented prior to or after the Petition Date; _provided_ that sufficient funds are available in the Debtors' bank accounts or under postpetition financing facility to cover such payments; and _provided further_, that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

9. The Debtors are authorized, in their sole discretion, but not directed, to issue new checks or electronic transfers on a postpetition basis on account of the obligations set forth above in the event that their banks or financial institutions fail to honor the payment of such prepetition obligations.

10. The Debtors retain the right to modify, change and discontinue any of the Employee Obligations and Benefits, and the policy related to the Reimbursable Expenses and to implement new Employee Obligations and Benefits in the ordinary course of business during the Chapter 11 Cases in their sole discretion without the need for further Court approval.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21, 2005
      New York, New York             /s/Burton R. Lifland
                                                 United States Bankruptcy Judge