**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Calpine Corporation, et al., | ) | |
| | ) | Case No. 05-60200 (BRL) |
| Debtors. | ) | Jointly Administered |
| | ) | |

## INTERIM ORDER DETERMINING ADEQUATE ASSURANCE
## OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon consideration of the motion seeking entry of interim and final orders determining adequate assurance of payment for future utility services (the "Motion")[1], filed by the debtors and debtors in possession (the "Debtors") in the above-captioned Chapter 11 Cases; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED:

1.     The Motion is granted in its entirety.

2.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

3.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4.      The Utility Providers are forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance pending entry of the Final Order.

5.      A Utility Provider who requests and accepts an Adequate Assurance Deposit shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider, and such Utility Provider shall be deemed to have waived any right to seek additional adequate assurance during the course of these Chapter 11 Cases.

6.      A Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request upon the Debtors at the following addresses: (a) Calpine, 4160 Dublin Blvd., Dublin, CA 94568-7755; Attn: Nancy L. Murray and (b) Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022-4611, Attn: Robert G. Burns.

7.      Any Additional Assurance Request must (a) be made in writing; (b) set forth the location for which utility services are provided, (c) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (d) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

8.      Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (a) fourteen (14) days from the receipt of such Additional Assurance Request or (b) thirty (30) days from the Petition Date to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

2

9.      The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

10.     If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a Determination Hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

11.     Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

12.     Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file a Procedure Objection so that it is actually received within twenty (20) days of entry of the Interim Order by the Debtors at the following addresses: (a) Calpine, 4160 Dublin Blvd., Dublin, CA 94568-7755; Attn: Nancy L. Murray and (b) Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022-4611, Attn: Robert G. Burns.

13.     Any Procedure Objection must (a) be made in writing; (b) set forth the location for which utility services are provided, (c) include a summary of the Debtors' payment history

3

relevant to the affected account(s), including any security deposits, (d) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment and (e) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

14.     The Debtors may, in their discretion, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

15.     If the Debtors determine that the Procedure Objection is not reasonable and are not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard at the Final Hearing.

16.     All Utility Providers who do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures.   The sole recourse of all Utility Providers who do not timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and all such Utility Providers shall be enjoined from ceasing performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures.

17.     In order to resolve any Procedure Objections within thirty (30) days following the Petition Date, the Final Hearing is set for **January 25, 2006 at 10:00 a.m.**

K&E 10851530.11

18.     A Utility Provider shall be deemed to have adequate assurance of payment unless and until (a) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Provider during the Resolution Period or (b) this Court enters an order at the Final Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

19.     The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List.

20.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21.     The Debtors shall serve a copy of this Order on each Utility Provider listed on the Utility Service List within two (2) business days of the date this Order is entered, and shall similarly serve this Order on each Utility Provider subsequently added by the Debtors to the Utility Service List.

22.     The relief granted herein shall continue to apply to any of the Debtors' affiliates and their respective estates that subsequently commence Chapter 11 cases without the need for any further requests or motions.

23.     This Court retains jurisdiction with respect to all matters arising fom or related to the implementation of this Order.

Dated: December 21, 2005
      New York, New York           /s/Burton R. Lifland
                                       United States Bankruptcy Judge

K&E 10851530.11