**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| Calpine Corporation., et al., | ) |
|  | ) Case No. 05-60200 (BRL) |
| Debtors. | ) Jointly Administered |
|  | ) |

**ORDER UNDER 11 U.S.C. §§ 105, 362 AND 541 AND BANKRUPTCY RULE 3002 (A) ESTABLISHING NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL HOLDERS OF EQUITY SECURITIES, (B) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES, AND (C) ALLOWING A HEARING ON THE PROSPECTIVE APPLICATION THEREOF**

Upon the motion (the "Motion"),[1] of Calpine Corporation ("Calpine") and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (together with Calpine, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 105, 362 and 541 and Bankruptcy Rule 3002 establishing notice and hearing procedures for trading in Calpine equity securities; and upon the Pryor Declaration; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby ORDERED

    1.    The Motion is granted in its entirety.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2. Any purchase, sale, or other transfer of Calpine equity securities in violation of the procedures set forth herein (including the notice requirements set forth in paragraph iii(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under U.S.C. §§ 362 and 105(a) of the Bankruptcy Code.

3. The following procedure shall apply to trading in equity securities of Calpine:

(a) Any person or entity who currently is or becomes a Substantial Shareholder (as defined in paragraph (e) below) shall file with this Court, and serve the Debtors and attorneys for the Debtors, a notice of such status, in the form annexed to the Motion as **Exhibit B**, on or before the later of (A) 40 days after the effective date of the notice of entry of this Order or (B) 10 days after becoming a Substantial Shareholder.

(b) Prior to effectuating any transfer of equity securities (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of common stock of Calpine beneficially owned by a Substantial Shareholder or would result in a person or entity's becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on the Debtors and attorneys for the Debtors, an advance written notice, in the form annexed to the Motion as **Exhibit C**, of the intended transfer of equity securities.

(c) Prior to effectuating any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of common stock of Calpine beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on the Debtors and attorneys for the Debtors, an advance written notice, in the form annexed to the Motion as **Exhibit D**, of the intended transfer of equity securities.

(d)     The Debtors shall have 30 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

(e)     For purposes of this Order, (A) a "Substantial Shareholder" is any person or entity which beneficially owns at least 25,600,000 shares (representing approximately 4.5% of all issued and outstanding shares) of the common stock of Calpine, (B) "beneficial ownership" of equity securities includes direct and indirect ownership (i.e., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares which such holder has an option to acquire, and (C) an "option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.     The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

5.     The Debtors shall serve a notice of the entry of this Order setting forth the procedures authorized herein substantially in the form annexed to the Motion as **Exhibit E** (the

"Notice of Order") on (a) the Office of the United States Trustee; (b) attorneys for any statutory committee appointed in the Chapter 11 Cases; (c) attorneys for the agents for the prepetition and postpetition lenders; (d) the Debtors' 80 largest secured creditors; (e) the indenture trustees or transfer agents for any class of common stock of Calpine or any bonds or debentures of the Debtors; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. Additionally, the Debtors shall publish the Notice of Order in *The Wall Street Journal, The Financial Times* (U.S. edition) and *San Jose Mercury News.* No further notice of entry of this Order need be served by the Debtors.

6. Any transfer agent(s) for any stock of Calpine having notice hereof shall provide such Notice of Order to all holders of such stock in excess of 7,000,000 shares registered with such transfer agent; provided that, if any transfer agent provides the Debtors with the name and addresses of all holders of such stock, the Debtors shall deliver the Notice of Order to such holders. Any such registered holder must, in turn, provide such Notice of Order to any holder for whose account such registered holder holds such stock in excess of 7,000,000 shares, and so on down the chain of ownership.

7. Any person or entity or broker or agent acting on such person or entity's behalf who sells an aggregate amount of at least 5,000,000 shares of stock of Calpine, or an option with respect thereto, to another person or entity shall provide a copy of the Notice of Order to such purchaser of such stock or to any broker or agent acting on such purchaser's behalf.

8. The entry of this Order shall be final; provided, however, that (a) within 10 days after the Creditors' Committee has been formed and retained counsel, the Creditors' Committee may object (an "Objection") to the prospective application of this Order from and after the date

of such Objection, and (b) pending such hearing, this Order shall remain in full force and effect. If an Objection is timely filed by the Creditors' Committee, (a) a hearing will be held at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, at the next regularly scheduled omnibus hearing in the Chapter 11 Cases, which will be at a date and time to be established by this Court and (b) further notice will be served on order of the Court; provided, however, that if an Objection is timely filed and such Objection is resolved prior to a hearing on such Objection in a manner that does not require a revision of the Order, then the Notice of Order shall be sent as provided in paragraph 10 below.

9.    If no Objection is timely filed and served, or if an Objection is timely filed and such Objection is resolved prior to a hearing on such Objection in a manner that does not require a revision of the Order, the Debtors shall send the Notice of Order to (a) the Office of the United States Trustee; (b) any statutory committee appointed in these cases; (c) attorneys for the agents under the prepetition and postpetition credit facilities; (d) the Debtors' 80 largest unsecured creditors; (e) the transfer agents for any class of common stock of Calpine; (f) all parties who file notices of transfers of claims under Bankruptcy Rule 3001; (g) all known creditors; (h) the Securities and Exchange Commission; and (i) the Internal Revenue Service.  Upon receipt of the Notice of Order, any transfer agent for any stock of Calpine shall send such Notice of Order to all holders of such stock registered with such transfer agent; provided, however, that if any transfer agent provides the Debtors with the name and addresses of all holders of such stock, the Debtors shall deliver the Notice of Order to such holders.  Any such registered holder shall, in turn, provide such Notice of Order to any holder for whose account such registered holder holds such stock, and so on down the chain of ownership.  Additionally, any person or entity or broker

or agent acting on their behalf who sells 5,000,000 shares of common stock of Calpine (or an option with respect thereto) to another person or entity must provide a copy of the Notice of Order authorizing such procedures to such purchaser or any broker or agent acting on their behalf of such claims or stock.

10. At least once every three months during the Chapter 11 Cases all transfer agent(s) for any stock of Calpine shall send the Notice of Order to all holders of such stock in excess of 7,000,000 shares registered with such transfer agent; provided, however, that if any transfer agent provides the Debtors with the name and addresses of all holders of such stock, the Debtors shall deliver the Notice of Order to such holders. Any such registered holder shall, in turn, provide such Notice of Order to any holder for whose account such registered holder holds such stock in excess of 7,000,000 shares, and so on down the chain of ownership.

11. The requirements set forth in this Order are in addition to the requirements of Rule 3002 of the Federal Rules of Bankruptcy Procedure and all applicable securities, corporate and other laws, and do not excuse compliance therewith.

12. The requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21, 2005
    New York, New York        /s/Burton R. Lifland
                                         United States Bankruptcy Judge