```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
CALPINE CORPORATION, et al.,                  :    Case No. 05-60200 (BRL)
                                              :
                       Debtors.               :    (Jointly Administered)
-------------------------------------------------------------x
```

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CALPINE CORPORATION, ET AL., TO RETAIN AND EMPLOY FASKEN MARTINEAU DUMOULIN LLP AS COUNSEL, NUNC PRO TUNC TO MARCH 6, 2006

Upon the application dated June 9, 2006 (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Calpine Corporation, et al. (collectively the "US Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain and employ the Canadian law firm of Fasken Martineau DuMoulin LLP ("Faskens"), nunc pro tunc to March 6, 2006 as Canadian counsel, and upon the Declaration of Jonathan A. Levin, Esq., a member of the firm of Faskens, dated May 29, 2006 (the "Levin Declaration"); and it appearing that the partners, counsel and associates of Faskens who will perform services on behalf of the Committee in these chapter 11 cases are duly qualified to practice in the Canadian courts; and the Court finding, based on the representations made in the Application and the Levin Declaration, that Faskens does not represent any interest adverse to the Committee and/or these US Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and, in the best interests of the Committee and the US Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED,** that the Application is approved in its entirety; and it is further

**ORDERED,** that in accordance with sections 1103(a) and, with respect to Faskens hourly rates, 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to employ and retain the firm of Faskens as its Canadian counsel, nunc pro tunc to March 6, 2006, to represent it in these cases and such retention is hereby approved; and it is further

**ORDERED** that Faskens shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

Dated: June 28, 2006
       New York, New York

                                    /s/Burton R. Lifland
                            **HONORABLE BURTON R. LIFLAND**
                            **UNITED STATES BANKRUPTCY JUDGE**


/s/Paul Kenan Schwartzberg
**Paul Kenan Schwartzberg**
**Office of the United States Trustee**