KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Richard M. Cieri (RC 6062)
Marc Kieselstein (admitted *pro hac vice*)
David R. Seligman (admitted *pro hac vice*)
Edward O. Sassower (ES 5823)

Counsel for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Calpine Corporation, et al., | ) |
| | ) Case No. 05-60200 (BRL) |
| Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AGAINST CALPINE GEYSERS COMPANY, L.P., AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

PLEASE TAKE NOTICE that at **10:00 a.m. (E.S.T.) on September 13, 2006**, the Debtors, by their counsel, shall appear before the Honorable Judge Burton R. Lifland, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 623, or soon thereafter as counsel may be heard (the "Hearing"), and present the Debtors' Motion for Entry of an Order Pursuant To Bankruptcy Rule 3003(c)(3) Establishing Deadline For Filing Proofs Of Claim Against Calpine Geysers Company, L.P. And Approving Form And Manner Of Notice Thereof (the "Motion").

PLEASE TAKE FURTHER NOTICE that the Hearing may be adjourned thereafter from time to time without further notice.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy delivered directly to Chambers) and shall be served upon: (a) counsel to the Debtors, Kirkland and Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022, Attn.: Edward O. Sassower, and Kirkland & Ellis LLP, Aon Center, 200 East Randolph Drive, Chicago, Illinois 60601, Attn.: David R. Seligman; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Paul Schwartzberg, (c) counsel to the Unofficial Committee of Second Lien Debtholders, Paul Weiss Rifkind Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, Attn.: Alan W. Kornberg, Andrew N. Rosenberg, Elizabeth R. McColm; (d) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, 590 Madison Avenue, New York, New York 10022-2524, Attn.: Michael S. Stamer, Philip C. Dublin, Alexis Freeman; and (e) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004, Attn.: Matthew Gluck; so as to be received no later than **September 8, 2006 at 4:00 p.m. (E.S.T.)**

Dated: August 24, 2006                Respectfully submitted,
New York, New York

  /s/ David R. Seligman
Richard M. Cieri (RC 6062)
Marc Kieselstein (admitted *pro hac vice*)
David R. Seligman (admitted *pro hac vice*)
Edward O. Sassower (ES 5823)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Counsel for the Debtors

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Richard M. Cieri (RC 6062)
Marc Kieselstein (admitted *pro hac vice*)
David R. Seligman (admitted *pro hac vice*)
Edward O. Sassower (ES 5823)

Counsel for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Calpine Corporation, et al., | ) |
| | ) Case No. 05-60200 (BRL) |
| Debtors. | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULE 3003(c)(3) ESTABLISHING DEADLINE FOR FILING
PROOFS OF CLAIM AGAINST CALPINE GEYSERS COMPANY, L.P., AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") seeking entry of an order, in substantially the form attached hereto as **Exhibit A**, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing the deadline for filing proofs of claim against Calpine Geysers Company, L.P. ("CGC"), and approving the form and manner of notice thereof.

**Jurisdiction**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      Between December 20, 2005 (the "Petition Date") and February 3, 2006, 273 of the 274 Debtors filed their voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On April 26, 2006, the Court entered the Order Establishing Deadline For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, dated April 26, 2006 [Docket No. 1348] (the "General Bar Date Order"), pursuant to which, among other things, the Court set August 1, 2006 (the "General Bar Date") as the deadline for parties with claims against the Debtors arising prior to the Petition Date to file proofs of claim evidencing such claims, as more particularly described in the General Bar Date Order.

4.      On May 2, 2006 (the "CGC Petition Date"), CGC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The CGC's chapter 11 case is jointly administered with the Chapter 11 Cases.

5.      On May 15, 2006, the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC"), caused copies of the notice of the General Bar Date to be served upon the Debtors' creditors.

6.      On June 29, 2006, the Court entered an Order Pursuant To Section 105(a) Of The Bankruptcy Code Confirming The Applicability To All Debtors Of Certain Orders In The Jointly Administered Chapter 11 Cases [Docket No. 2082] (the "Administrative Order"). Pursuant to the Administrative Order, subject to certain exceptions, the terms of the orders entered in the Chapter 11 Cases automatically apply to all of the Debtors, regardless of the date on which each individual

Debtor filed its petition. While the General Bar Date Order is most likely made applicable to CGC and binding on creditors of CGC, because CGC did not file its schedules of assets and liabilities ("GCG's Schedules") by the date on which notice of the General Bar Date was sent to the Debtors' creditors, out of an abundance of caution and in an effort to avoid any unnecessary confusion, the Debtors now seek to establish a separate deadline for the filing of proofs of claim against CGC.

**The Bar Date**

7.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled in the debtor's schedules of assets and liabilities and schedules of executory contracts (collectively, the "Schedules") or whose claim is scheduled as disputed, contingent or unliquidated must file a proof of claim.

8.      Accordingly, the Debtors request that the Court establish October 31, 2006, at 5:00 p.m. (prevailing Eastern time) as the deadline by which proofs of claim against CGC must be filed in CGC's Chapter 11 Case (the "CGC Bar Date").

9.      The fixing of October 31, 2006 as the CGC Bar Date will enable the Debtors to receive, process, and begin their analysis of creditors' claims in a timely and efficient manner. Additionally, based on the notice procedures set forth below, such date will give all creditors ample opportunity to prepare and file proofs of claim against CGC.

10.     Pursuant to the proposed order annexed hereto as **Exhibit A** (the "CGC Bar Date Order"), each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit) that asserts a claim (the term "claim" in this Motion shall be as defined in section 101(5) of the Bankruptcy Code) against CGC that arose prior to the CGC Petition Date must file an original, written proof of such claim which substantially

conforms to Official Form No. 10 so as to be **actually received** on or before the CGC Bar Date by the Calpine Corporation Claims Docketing Center (as defined herein), either by mailing the original proof of claim to Calpine Corporation Claims Docketing Center, United States Bankruptcy Court - SDNY, P.O. Box 5040, Bowling Green Station, New York, NY 10274-5040, or by delivering the original proof of claim by messenger or overnight courier to Calpine Corporation Claims Docketing Center, United States Bankruptcy Court - SDNY, One Bowling Green, Room 534, New York, NY 10004-1408 (together, the "Calpine Corporation Docketing Center").  The Debtors request that the CGC Bar Date Order provide that (a) proofs of claim sent in any other manner, such as by facsimile, telecopy, PDF, or electronic mail transmission will not be accepted, and (b) all proofs of claim be deemed timely filed only if actually received by the Calpine Corporation Claims Docketing Center on or before the CGC Bar Date.

11.     Pursuant to the proposed CGC Bar Date Order, the following persons or entities are not required to file a proof of claim on or before the CGC Bar Date:

(a)     any person or entity that has already filed a proof of claim against CGC with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)     any person or entity whose claim is listed on CGC's Schedules, *provided, however*, that: (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in CGC's Schedules; and (iii) the claimant does not dispute that the claim is an obligation of CGC;

(c)     any holder of a claim against CGC that heretofore has been allowed by order of this Court;

(d)     any person or entity whose claim against CGC has been paid in full by any of the Debtors;

(e)     any holder of a claim against CGC for which specific deadlines have previously been fixed by this Court;

(f)  any Debtor having a claim against CGC or any of the non-debtor direct or indirect, wholly-owned subsidiaries of Calpine Corporation having a claim against CGC, *provided, however,* that any foreign entity or deconsolidated subsidiary that is no longer related to the Company is required to file a proof of claim by the Bar Date, including 1066917 Ontario Inc., 3094479 Nova Scotia Company, Basento Energia S.r.l., Calgary Energy Centre ULC, Calpine (Jersey) Holdings Limited, Calpine (Jersey) Limited, Calpine Canada Energy Finance ULC, Calpine Canada Energy Finance II ULC, Calpine Canada Energy Ltd., Calpine Canada Natural Gas Partnership, Calpine Canada Power Ltd., Calpine Canada Power Services, Ltd., Calpine Canada Resources Company, Calpine Canada Whitby Holdings Company, Calpine Canadian Saltend L.P., Calpine Energy Finance Luxembourg S.a.r.l., Calpine Energy Services Canada Ltd., Calpine Energy Services Canada Partnership, Calpine European Finance LLC, Calpine European Funding (Jersey) Holdings Limited, Calpine European Funding (Jersey) Limited, Calpine Finance (Jersey) Limited, Calpine Global Investments, S.L., Calpine Greenfield Limited Partnership, Calpine Greenfield Ltd., Calpine International Holdings, Inc., Calpine International Indonesia B.V., Calpine International Investment B.V., Calpine Island Cogeneration Limited Partnership, Calpine Island Cogeneration Project, Inc., Calpine Natural Gas Services Limited, Calpine Power, L.P., Calpine UK Holdings Limited, CM Greenfield Power Corp., Compania de Generacion Valladolid S. de R.L. de C.V., Fergas S.r.L., Greenfield Energy Centre, LP, Polsky SCQ Services, Inc., Thomassen Services Gulf LLC, Thomassen Turbine Systems B.V., Valladolid International Investments, S. de R.L. de C.V., and Whitby Cogeneration Limited Partnership;

(g)  any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued by CGC pursuant to an indenture (the "Debt Instruments"), *provided, however,* that: (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee under the applicable Debt Instruments (the "Indenture Trustee"); (ii) the Indenture Trustee nevertheless shall be required to file one Proof of Claim, on or before the CGC Bar Date, with respect to all of the Debt Claims on or under each of the Debt Instruments; and (iii) any holder of a Debt Claim wishing to assert a claim, other

than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the CGC Bar Date, unless another exception in this paragraph applies; and

(h)     any holder of a claim allowable under § 503(b) and § 507(a) of the Bankruptcy Code as an expense of administration.

12.     The Debtors also request that the CGC Bar Date Order provide that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before such date required by the Order Pursuant To Sections 365 And 554 Of The Bankruptcy Code Authorizing And Approving Expedited Procedures For The Rejection Of Executory Contracts And Unexpired Leases Of Personal And Non-Residential Real Property [Docket No. 31], which may be the CGC Bar Date, or as the Court may otherwise fix in the applicable order authorizing the rejection of such contract or lease.

13.     The Debtors are not seeking to establish a bar date for the holders of CGC's equity interests.  Consequently, with respect to proofs of equity interest, the Debtors request that the CGC Bar Date Order provide that any holder of an equity interest in CGC need not file a proof of such interest; *provided, however*, that if any such holder asserts a claim against CGC (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the CGC Bar Date pursuant to the procedures set forth in the CGC Bar Date Order.

**Form of Proof of Claim**

14.     Due to the size and complexity of these Chapter 11 Cases, the Debtors, with the assistance of KCC, have prepared a proof of claim form tailored to conform to these Chapter 11 Cases (the "Proof of Claim").  A proposed Proof of Claim form, which is based on Official Form 10, is annexed hereto as **Exhibit B**.

15.     For each creditor whose claim has been listed in CGC's Schedules, the Debtors propose to include in the upper right hand of the corner of the Proof of Claim form sent to such creditor a description of (a) the amount of such creditor's claim against CGC (if such information is reasonably ascertainable), as reflected in CGC's Schedules; (b) the type of claim held by such creditor (*i.e.*, non-priority unsecured, priority unsecured, or secured); and (c) whether such claim is disputed, contingent, or unliquidated.[1]   This will permit the creditor to readily ascertain how its claim is scheduled against CGC without having to examine CGC's Schedules.  The Debtors request the Court to approve the proposed Proof of Claim form as annexed hereto as **Exhibit B**.

16.     Other modifications to the Official Form proposed by the Debtors include allowing the creditor to correct any incorrect information contained in the name and address portion.

17.     In addition, the Debtors request that the CGC Bar Date Order provide that each Proof of Claim filed must (a) be written in English; (b) include a claim amount denominated in United States dollars; (c) conform substantially with the Proof of Claim provided or Official Form No. 10; (d) indicate CGC as the Debtor against which the creditor is asserting a claim; (e) include supporting documentation (if voluminous, attach a summary) or an explanation as to why such documentation is not available; and (f) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  If the claim amount is not in U.S. dollars, the Debtors reserve the right to convert to U.S. currency as of a date they determine is reasonable and appropriate given applicable circumstances.

---

[1]     If the creditor's prepetition claim was paid postpetition, in whole or in part, pursuant to an order of the Court, the amount appearing on the upper right hand corner of the Proof of Claim will reflect the net amount of such claim (*i.e.*, reduced by the postpetition payment).

## Consequences of Failure to File a Proof of Claim

18.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any holder of a claim against CGC who is required, but fails, to file a proof of such claim in accordance with the CGC Bar Date Order on or before the CGC Bar Date shall be forever barred, estopped and enjoined from asserting such claim against CGC (or filing a Proof of Claim with respect thereto), and CGC's property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 Cases, or participate in any distribution in CGC's Chapter 11 Case on account of such claim or to receive further notices regarding such claim.

## Notice of the Bar Date Order and the Bar Date

19.     Pursuant to the proposed CGC Bar Date Order and Bankruptcy Rule 2002(a)(7), the Debtors propose to mail a notice of the CGC Bar Date Order, in a form substantially similar to the notice annexed hereto as **Exhibit C** (the "CGC Bar Date Notice"), on or before September 20, 2006, to:

> (a)     the United States Trustee;
>
> (b)     counsel to the Official Committee of Unsecured Creditors (the Creditors' Committee");
>
> (c)     counsel to the administrative agent for the Debtors' postpetition secured lenders;
>
> (d)     the indenture trustees pursuant to CGC Debt Instruments;
>
> (e)     all persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;
>
> (f)     all persons or entities that have filed claims against CGC;
>
> (g)     all creditors and other known holders of claims against CGC as of the date of this Order, including all persons or entities listed in CGC's Schedules as holding claims against CGC;

(h)      all parties to executory contracts and unexpired leases of CGC listed on CGC's Schedules;

(i)      all parties to litigation with CGC;

(j)      the Internal Revenue Service for the Southern District of New York;

(k)      the United States Attorney for the Southern District of New York and relevant state attorneys general;

(l)      the Securities and Exchange Commission;

(m)      CGC's current employees and former employees to the extent that contact information for such former employees is reasonably ascertainable;

(n)      certain other entities with whom, prior to the CGC Petition Date, CGC had done business or who may have asserted a claim against the CGC in the recent past;

(o)      counsel to the Unofficial Committee of Second Lien Debtholders; and

(p)      counsel to the Official Committee of Equity Security Holders (the "Equity Committee").

20.      The proposed CGC Bar Date Notice notifies the parties of the CGC Bar Date and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  Additionally, with respect to those creditors listed on CGC's Schedules, the Debtors shall mail with the CGC Bar Date Notice one or more Proof of Claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to this Motion as **Exhibit B**, indicating in the top right hand corner thereof how the Debtors have scheduled such claim in CGC's Schedules (including the amount of the claim (if any listed) and whether the claim has been scheduled as contingent, unliquidated, or disputed).  The Debtors request the Court to approve the form and use of the CGC Bar Date Notice.

21.      The Debtors further intend, out of an abundance of caution, to send the CGC Bar Date Notice to persons or entities not listed on CGC's Schedules, but with whom CGC has done

business prior to the CGC Petition Date. Providing such notice will enable any creditor inadvertently not included in CGC's Schedules to receive notice of the CGC Bar Date and to file a Proof of Claim, if necessary.

## **Publication Notice**

22.     In the interest of ensuring that all creditors receive notice of the CGC Bar Date, the Debtors have determined that it would be in the best interest of their estates to give notice by publication to certain creditors including: (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (b) known creditors with addresses unknown by the Debtors; and (c) creditors with potential claims unknown by the Debtors.

23.     In accordance with Bankruptcy Rule 2002(l), the Debtors seek authority to publish the CGC Bar Date Notice, modified for publication (the "CGC Publication Notice") in substantially the form annexed to this Motion as **Exhibit D**, in *USA Today* (National Edition), *The New York Times* (National Edition), *The Wall Street Journal* (Worldwide Edition), *The Financial Times*, *The San Jose Mercury News* and the *Houston Chronicle* on one occasion on or before October 1, 2006, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least twenty-five (25) days prior to the CGC Bar Date.

24.     The CGC Publication Notice will include a telephone number that creditors may call to obtain copies of the Proof of Claim form, a website where the creditors may obtain a copy of a Proof of Claim form, and information concerning the procedures for filing Proofs of Claim.

25.     The Debtors further request that the Court find that the Debtors' proposed procedures regarding the CGC Publication Notice shall be deemed good, adequate, and sufficient publication notice.

**Claims Agent**

26.     Pursuant to an order of the Court dated December 22, 2005 (the "KCC Order"), and 28 U.S.C. § 156(c), KCC is the authorized claims agent for the Court with respect to the Debtors' Chapter 11 Cases.  In that regard, KCC is responsible for, among other things, maintaining the database containing CGC's Schedules.

27.     To facilitate and coordinate claims reconciliation and the CGC Bar Date notice, KCC, in accordance with the KCC Order, will mail the Proof of Claim form together with the CGC Bar Date Notice.  This will ensure that each creditor whose claim is listed on CGC's Schedules filed by CGC will receive a "personalized" Proof of Claim form printed with the appropriate creditor's name and facilitate the matching of scheduled and filed claims and the claims reconciliation process.

**The Proposed Notice Procedure is Reasonable and Adequate**

28.     The Debtors intend to file CGC Schedules no later than **August 24, 2006**.  The Debtors have been advised by KCC that KCC intends to complete the mailing of the Proof of Claim forms and the CGC Bar Date Notice by approximately September 20, 2006.  By establishing the CGC Bar Date in accordance with the provisions hereof, all potential claimants will have approximately forty (40) days' notice of the CGC Bar Date for filing their Proofs of Claim.  Such period is clearly an adequate period of time within which to file a Proof of Claim, as Bankruptcy Rule 2002(a)(7) requires only twenty (20) days' notice.

29.     In addition, in the event the Debtors amend or supplement CGC Schedules subsequent to the date on which the Debtors serve the CGC Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be given notice of such deadline and shall be afforded thirty (30) days from the date on which

such notice is given or until the CGC Bar Date, if the CGC Bar Date is later, to file Proofs of Claim in respect of their claim or be forever barred from doing so.

## Memorandum of Law

30.     This Motion includes citations to the applicable authorities and a discussion of their application to this Motion.  Accordingly, the Debtors respectfully submit that such citations and discussion satisfy the requirement that the Debtors submit a separate memorandum of law in support of this Motion pursuant to Rule 9013-1 of the Local Rules.

## Notice

31.     Notice of this Motion has been provided to: (a) the United States Trustee for the Southern District of New York; (b) counsel to the Creditors' Committee; (c) counsel to the Equity Committee; (d) counsel to the administrative agents for the Debtors' prepetition secured lenders; (e) counsel to the ad hoc committees; (f) the indenture trustees pursuant to the Debtors' secured indentures; (g) counsel to the Debtors' postpetition lenders; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) the United States Department of Justice; and (k) all parties requesting special notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.  A copy of the Motion is also available on KCC's web site at http://www.kccllc.net/calpine.

32.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request an entry of an Order, substantially in the form attached hereto as **Exhibit A**, (i) establishing October 31, 2006 at 5:00 p.m. (prevailing Eastern time) as the deadline for filing Proofs of Claim against CGC and approving the form and manner of notice thereof, and (ii) granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    August 24, 2006
          New York, New York

Respectfully submitted,

  /s/ David R. Seligman
Richard M. Cieri (RC 6062)
Marc Kieselstein (admitted *pro hac vice*)
David R. Seligman (admitted *pro hac vice*)
Edward O. Sassower (ES 5823)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Counsel for the Debtors