**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
In re

    Calpine Corporation, et al.,

                    Debtors.

Chapter 11

Case No. 05-60200 (BRL)
Jointly Administered

-----------------------------------------------------------

MEMORANDUM DECISION AND ORDER DENYING MOTION BROUGHT
UNDER RULE 60(b) FOR RELIEF FROM THE ORDER APPROVING THE SALE OF
CERTAIN TURBINES

Before the Court is the motion of Axford Consulting ("Axford") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") for relief from an order of this Court so that Axford may pursue a claim for a 3% broker fee of approximately $1,440,000 for services allegedly provided to Calpine Corporation ("Calpine" or "Debtors").

On October 13, 2006, Debtors filed a motion for entry of an order approving bidding procedures and a sale notice (the "Sale Notice") and setting the time for an auction and sale hearing ("Sale Motion"). The Sale Motion clearly identifies the property being sold and the prospective buyer and clearly states in several places that no broker or commission fees were being paid relating to the sale. Axford received a copy of the Sale Notice and Sale Motion in mid-October. Axford did not file an objection to the bidding procedures, nor did a representative appear at the hearing. After the Court approved the bidding procedures, a representative from Calpine contacted Mark Axford, majority owner and limited partner of Axford Consulting, to inform him that the order was approved. At this point, for the first time, Mr. Axford questioned whether the sale

1

affected Axford's interests. After that conversation, but prior to the objection deadline, Mr. Axford learned that the sale related to turbines in which he claims an interest. Axford alleges that pursuant to the alleged pre-petition oral contract (that: the Debtors do not accede existed; did not assume, and was never the subject of Debtors' motion retaining Axford as professional serving the estate), he is due a broker's fee. Axford retained counsel, who communicated with Debtors' counsel prior to the hearing date, but Axford did not cause to be filed an objection to the sale hearing, nor did he or a representative appear at the sale hearing. The Court approved the Sale Motion on November 15, 2006.

No motion to reconsider was filed, and no appeal of the sale order was filed, rather months later, Axford brings before this Court a motion for relief pursuant to Rule 60 (b) from the order authorizing the sale and a motion for administrative expense. Axford seeks relief from paragraph 18 of the Sale Order which provided that there was no broker commission associated with the sale of the turbines. Axford asserts that considerations of equity demand a finding in his favor because he did not have full information regarding the sale prior to the hearing and that he acted promptly upon discovering the "inaccurate" finding in the Sale Order that no broker fee was due.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the

judgment. Fed. R. Civ. Pro. 60(b). Subsection (6) of Federal Rule 60(b) is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule. *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986); *Bico Stupakoff and Russell James v. Otto Doosan, et al (In re Spiegel)*, 354 B.R. 51 (Bankr. SDNY 2006), *aff'd* ECF 06-13585, docket no. 18 (SDNY February 28, 2007). The Second Circuit has held that Rule 60(b) motions are within the discretion of the court, and "are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd* 501 U.S. 115 (1991); *Stupakoff and James v. Otto Doosan,et al,* 354 B.R. 51.

Axford brings this motion before the Court pursuant to Rule 60(b)(6), or alternatively under an excusable neglect theory pursuant to Rule 60(b)(1). This is improper. Because the grounds for the motion are provided for under Rule 60(b)(1), Axford may not move under Rule 60(b)(6). This Court does not find a basis for an excusable neglect finding, and in any case, there is similarly no basis to grant the requested relief under Rule 60(b)(6) which requires extraordinary circumstances.

The excusable neglect standard was set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd*, 507 U.S. 380, 387-397 (1993). Under *Pioneer*, courts consider (a) the danger of prejudice to the opposing party, (b) the length of the delay and its potential impact on judicial proceedings, (c) the reason for the delay, including whether it was within the reasonable control of the movant, and (d) whether the movant

acted in good faith. In this case, the Court finds all of these factors weigh against granting Axford's motion.

The Debtors provided the Sale Notice and Sale Motion to Mr. Axford in mid October, but he read only the four page notice, and assumed the motion did not affect his interests.[1] Axford Consulting is in the business of brokering sales of turbine generator equipment and providing consulting services regarding the turbine generator industry and Mr. Axford represents himself to be a sophisticated businessman. Had he bothered to look even at the first few pages of the Sale Motion, he would have been apprised of the turbines involved in the sale and the proposed buyer.[2] And even after Mr. Axford realized that he had an alleged interest in the sale, he did nothing to make his alleged interests known to the Court or to potential bidders prior to the sale hearing. The Debtors note that had parties in interest been aware of Mr. Axford's alleged interest, other bidders would have realized that a bid of $46,560,000 plus the minimum overbid requirement may have prevailed over the successful bidder. Instead, Axford sat back, and waited for the sale to be approved, and comes to the Court months later asserting his interest.[3]

---

[1] Mr. Axford claimed that because he thought that the Sale Notice related to an auction he was already planning on attending, he did not review the materials. In fact, the Sale Notice clearly stated that there would be a hearing before this Court relating to bidding procedures, and had Mr. Axford looked to the second page of the Sale Motion, the turbines at issue and the potential buyer of the turbines were clearly identified.

[2] Axford asserts that he is due the 3 % commission because before the Debtors filed, he introduced Calpine to Consorcio Pacific Rim Energy Yucal Placer HTE. After the parties abandoned negotiations for the sale of the turbines, the Debtors commenced their proceedings. Almost a year later, Pacific Rim was the stalking horse bidder and successful purchaser for the turbines.

[3] Axford claims that he did not object to the sale prior to consummation of the sale because there was no commission due until the sale took place. This argument is disingenuous and the Court gives it no credence.

As stated above, Axford's request for a finding under Rule 60(b)(6) is improper, but in any case, there are no extraordinary circumstances in this case that require the Court to grant relief from the sale order. Axford simply states, "Axford is not at fault for not raising an objection to the sale during the allowed time." Axford provides no support for statements that he did not know about the details of the sale prior to the hearing. In fact, Axford received notice of the sale and he clearly had some knowledge of the sale since he was in contact with Calpine prior to the consummation of the sale. Additionally, Axford had retained counsel prior to the sale, and that counsel had communicated with Calpine prior to the sale. Yet, Axford filed no objection to the sale, and did not appear at the hearing on the Sale Motion. The Court can think of no equities that would be served by allowing this party to receive relief from an order that was properly noticed prior to the hearing date.

**Conclusion**

Axford has not met the requirements under Rule 60(b)(1) or (6), and therefore the motion for relief from the sale order is denied. Additionally, Axford is ordered to remove from the docket any evidence obtained from phone conversations apparently taped in violation of state penal laws.[4]

IT IS SO ORDERED.

Dated:  New York, New York
        March 1, 2007

/s/ Hon. Burton R. Lifland<br>United States Bankruptcy Judge

---

[4] The respondent points out without rebuttal that taped conversations quoted in the moving affidavit were obtained in violation of *California Penal Code* § 632(a) and other prohibitory laws.