**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Calpine Corporation, et al., | ) | |
| | ) | Case No. 05-60200 (BRL) |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (A) AUTHORIZING THE SALE OF CALPINE ACADIA HOLDINGS, LLC'S OWNERSHIP INTERESTS IN ACADIA POWER PARTNERS, LLC AND RELATED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE LLC AGREEMENT IN CONNECTION THEREWITH, AND (C) GRANTING RELATED RELIEF**

This matter is before the Court on the motion[1] (the "Sale Motion") [Docket No. 4448], dated April 23, 2007, of Calpine Acadia Holdings, LLC (the "Selling Debtor") for entry of an order, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014: (A) approving the purchase agreement (as amended from time to time, the "Cleco Purchase Agreement") by and between the Selling Debtor and Acadia Power Holdings, LLC, and such other agreements to be entered into and among the parties as contemplated therein; (B) authorizing (i) the sale (the "Sale") of the Selling Debtor's Ownership Interests in Acadia Power Partners, LLC (the "Company") and Related Assets (together, the "Acquired Assets") free and clear of all liens, claims, encumbrances, and other interests (collectively, the "Liens"), other than any Permitted Liens and Assumed Liabilities under the Purchase Agreement, and (ii) the assumption and assignment of the LLC Agreement; and (C) granting certain related relief; and an Auction having been held July 30, 2007 pursuant to the Bidding Procedures Order; and Cajun Gas Energy, L.L.C. ("Purchaser") having submitted the

[1] Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Purchase Agreement and the Sale Motion, as applicable.

highest and best offer at the Auction and having entered into the Purchase Agreement annexed hereto as Exhibit A ("Purchase Agreement"); and the Court having heard statements of counsel and the evidence presented in support of the relief requested by the Selling Debtor in the Sale Motion and at a hearing before the Court on August 1, 2007 (the "Sale Hearing"); and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon,

THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

**Jurisdiction, Final Order and Statutory Predicates**

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363(b), (f), and (m), and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9007 and 9014.

**Notice of the Sale, Auction and the Cure Amounts**

D. Actual written notice of the Sale Hearing, the Auction, the Sale Motion, the Sale, and the assumption and assignment of the LLC Agreement, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (i) the United States Trustee for the Southern District of New York; (ii) counsel to the Creditors' Committee, (iii) counsel to the administrative agents for the Debtors' prepetition secured lenders; (iv) counsel to the *ad hoc* committee; (v) the indenture trustees pursuant to the Debtors' secured indentures; (vi) counsel to the Debtors' postpetition lenders; (vii) the Securities and Exchange Commission; (viii) all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service; (ix) the United States Department of Justice; (x) counsel to the Equity Committee; (xi) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (xii) the Purchaser and its counsel; (xiii) all persons or entities known or reasonably believed to have asserted a Lien on any of the Acquired Assets; (xiv) the counterparties to the LLC Agreement; (xv) all persons or entities known or reasonably believed to have expressed an interest in acquiring the Acquired Assets; (xvi) the Attorney General in the State where the Acquired Assets are located; (xvii) the Selling Debtor's other creditors, as identified on Schedules D through G of the Selling Debtor's Schedules of Assets and Liabilities and any party that has filed a proof of claim against the Selling Debtor; and (xviii) the United States Environmental Protection Agency and any applicable state environmental agency.

E. The Selling Debtor published notice of the Sale, the time and place of the proposed Auction, and the time and place of the Sale Hearing in the Houston Chronicle and the National Edition of The Wall Street Journal on May 18, 2007.

F. As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, and the Sale has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014. The Selling Debtor also has complied with all obligations to provide notice of the Sale Motion, the Auction, the Sale Hearing, and the Sale required by the Bidding Procedures Order. The foregoing notice described in paragraphs D through F was good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, the Auction, the Sale Hearing, the Sale or the assumption and assignment of the LLC Agreement is required.

G. The disclosures made by the Selling Debtor concerning the Purchase Agreement, the Auction, the assumption and assignment of the LLC Agreement, the Sale, and the Sale Hearing were good, complete and adequate.

**Good Faith of Purchaser**

H. Purchaser is purchasing the Acquired Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) Purchaser recognized that the Selling Debtor was free to deal with any other party interested in acquiring the Acquired Assets; (b) Purchaser complied with the provisions in the Bidding Procedures Order; (c) Purchaser agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order; (d) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in

connection with the Sale have been disclosed; (e) Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (f) no common identity of directors or controlling stockholders exists between the Purchaser and the Selling Debtor; and (g) the negotiation and execution of the Purchase Agreement and any other agreements or instruments related thereto was at arm's-length and in good faith.

**Highest and Best Offer**

I. The Selling Debtor conducted an Auction process in accordance with, and has otherwise complied in all respects with, the Bidding Procedures Order. The Auction process set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets. The Auction was duly noticed and conducted in a noncollusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Acquired Assets, including the LLC Agreement.

J. The Purchase Agreement constitutes the highest and best offer for the Acquired Assets, and will provide a greater recovery for the Selling Debtor's estate than would be provided by any other available alternative. The Selling Debtor's determination that the Purchase Agreement constitutes the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Selling Debtor's business judgment.

K. The Purchase Agreement represents a fair and reasonable offer to purchase the Acquired Assets under the circumstances of these chapter 11 cases. No other person or entity or group of entities has offered to purchase the Acquired Assets for greater economic value to the Selling Debtor's estate than the Purchaser.

L. Approval of the Sale Motion and the Purchase Agreement and the consummation of the transactions contemplated thereby is in the best interests of the Selling Debtor, its creditors, its estate and other parties in interest.

M. The Selling Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization.

**No Fraudulent Transfer**

N. The consideration provided by the Purchaser pursuant to the Purchase Agreement for its purchase of the Acquired Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

**Validity of Transfer**

O. The Selling Debtor has full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Selling Debtor to consummate the transactions contemplated by the Purchase Agreement, except as otherwise set forth in the Purchase Agreement.

P. The transfer of each of the Acquired Assets to the Purchaser will be as of the Closing Date a legal, valid, and effective transfer of such assets, and vests or will, as of the Closing Date, vest the Purchaser with all right, title, and interest of the Selling Debtor to the Acquired Assets free and clear of all Liens accruing, arising or relating to any time prior to the Closing Date, except for any Permitted Liens and Assumed Liabilities under the Purchase Agreement.

**Section 363(f) Is Satisfied**

Q. The Selling Debtor may sell the Acquired Assets free and clear of all Liens (except for any Permitted Liens and Assumed Liabilities under the Purchase Agreement) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens against the Selling Debtor, its estate or any of the Acquired Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Liens who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Liens, if any, in each instance against the Selling Debtor, its estate or any of the Acquired Assets, attach to the cash proceeds of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Selling Debtor and its estate may possess with respect thereto.

**Assumption and Assignment of the LLC Agreement**

R. The assumption and assignment of the LLC Agreement pursuant to the terms of this Order is integral to the Purchase Agreement and is in the best interests of the Selling Debtor and its estate, creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Selling Debtor.

S. There are no amounts which are required under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to be paid to cure all monetary defaults and to reimburse any party for its actual pecuniary losses under the LLC Agreement.

T. The Selling Debtor has cured all defaults existing prior to the Closing Date under any of the LLC Agreement, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code;

and (ii) provided compensation to any party for actual pecuniary loss to such party resulting from a default prior to the Closing Date under the LLC Agreement, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code.

U. The Purchaser has provided adequate assurance of its future performance under the LLC Agreement within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

**Compelling Circumstances for an Immediate Sale**

V. To maximize the value of the Acquired Assets and preserve the viability of the business to which the Acquired Assets relate, it is essential that the Sale of the Assets occur within the time constraints set forth in the Purchase Agreement. Time is of the essence in consummating the Sale.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**General Provisions**

1. The relief requested in the Sale Motion is granted and approved, and the Sale contemplated thereby is approved as set forth in this Order.

2. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are, except as provided in other orders of the Court, hereby overruled on the merits or the interests of such objections have been otherwise satisfied or adequately provided for.

**Approval of the Purchase Agreement**

3. The Purchase Agreement and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Selling Debtor is authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of each of the Acquired Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (ii) close the Sale as contemplated in the Purchase Agreement and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other ancillary documents.

5. The terms and provisions of this Order shall be binding in all respects upon the Purchaser and the Selling Debtor, any trustees thereof, their respective estates, all creditors and shareholders of the Selling Debtor, all interested parties and their respective successors and assigns, including, but not limited to, any creditor asserting a lien in the Acquired Assets and all non-debtor counter-parties to the LLC Agreement.

**Transfer of the Acquired Assets**

6. Pursuant to sections 105(a), 363(f) and 365 of the Bankruptcy Code, the Selling Debtor is authorized to transfer the Acquired Assets on the Closing Date. Such Acquired Assets shall be transferred to the Purchaser upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of such Acquired Assets and, upon the Selling Debtor's receipt of the Purchase Price, shall be free and clear of all Liens except any Permitted Liens and Assumed Liabilities under the Purchase Agreement, with all such Liens to attach to the net proceeds of the Sale with the same validity, priority, force and effect that they

now have as against such Acquired Assets, subject to any claims and defenses the Selling Debtor and its estate may possess with respect thereto.

7. Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Order, all persons and entities holding Liens or interests in the Acquired Assets (other than Permitted Liens and the Assumed Liabilities) arising under or out of, in connection with, or in any way relating to the Selling Debtor, the Acquired Assets, the operation of the Selling Debtor's businesses prior to the Closing Date or the transfer of the Acquired Assets to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property or the Acquired Assets, such persons' or entities' interests in and to the Acquired Assets. On the Closing Date, each creditor is authorized to execute such documents and take all other actions as may be necessary to release Liens (except Permitted Liens) on the Acquired Assets, if any, as provided for herein, as such Liens may have been recorded or may otherwise exist.

8. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Selling Debtor to sell and transfer the Acquired Assets to the Purchaser in accordance with the terms of the Purchase Agreement and this Order.

9. All entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to the Purchaser or its assignee at the Closing.

10. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel the Liens and other encumbrances of record except the Permitted Liens.

11. If any person or entity which has filed statements or other documents or agreements evidencing Liens on, or interests in, the Acquired Assets shall not have delivered to the Selling Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to the Acquired Assets, the Selling Debtor is hereby authorized and directed, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets.

12. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

**Assignment of the LLC Agreement**

13. Upon the Closing of the Sale, the Selling Debtor is authorized to assume and assign the LLC Agreement to the Purchaser free and clear of all Liens. The payment of the applicable Cure Amounts (if any) shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtor party

resulting from such default, and (c) together with the assumption of the LLC Agreement by the Purchaser, constitute adequate assurance of future performance thereof. The Purchaser shall then have assumed the LLC Agreement and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Selling Debtor of such contract shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Selling Debtor nor the Purchaser shall have any further liabilities to the non-Debtor parties to the LLC Agreement other than the Purchaser's obligations under the LLC Agreement that become due and payable on or after the Closing Date.

14. Any provisions in the LLC Agreement that prohibit or condition the assignment of such contract or allow the party to such contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Selling Debtor and assignment to the Purchaser of the LLC Agreement have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rights, title and interest of the Selling Debtor under the LLC Agreement.

15. The LLC Agreement shall, as of the Closing Date, be valid and binding on the Purchaser and the other non-debtor counter-parties thereto, and in full force and effect and enforceable in accordance with its terms. Following such assignment, the Selling Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the LLC Agreement.

16. There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to Purchaser, the Selling Debtor or COSCI as a result of the assumption and assignment of the LLC Agreement.

**Other Provisions**

17. Effective upon the Closing Date and except as otherwise provided by stipulations filed with or announced to the Court with respect to a specific matter, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchaser, its successors and assigns, or the Acquired Assets, with respect to any (a) Lien (other than a Permitted Lien) arising under, out of, in connection with or in any way relating to the Selling Debtor, the Purchaser, the Acquired Assets, or the operation of the Acquired Assets prior to the Closing of the Sale, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors, assets or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchaser, its successors, assets or properties; (iii) creating, perfecting or enforcing any Lien or other encumbrance against the Purchaser, its successors, assets or properties; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser or its successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to issue or renew any license, permit or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

18. Except for the Permitted Liens and the Assumed Liabilities or as otherwise expressly provided for in this Order or the Purchase Agreement, the Purchasers shall not have any liability or other obligation of the Selling Debtor arising under or related to the Acquired Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase Agreement, the Purchaser shall not be liable for any claims against the Selling Debtor or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Selling Debtor or any obligations of the Selling Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Acquired Assets prior to the Closing. The Purchaser has given substantial consideration under the Purchase Agreement for the benefit of the holders of Liens. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against the Selling Debtor or the Acquired Assets.

19. The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the LLC Agreement), unless such authorization and

consummation of such Sale are duly stayed pending such appeal. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

20. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Selling Debtor and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

21. Nothing in this Order or the Purchase Agreement approves or provides for the transfer to Purchaser of any avoidance claims (whether under chapter 5 of the Bankruptcy Code or otherwise) of the Debtors' estates.

22. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

23. There are no brokers involved in consummating the Sale and no brokers' commissions are due, except that the Selling Debtor has retained Miller Buckfire & Co., LLC and will pay Miller Buckfire & Co., LLC such fees as are approved by the Bankruptcy Court.

24. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

25. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates, and provided further that no such modifications, amendments or supplement may be made except following two (2) days prior written notice to, or the prior consent of, the Committees (provided

that the Committees shall make a representative available on a real time basis in the event such modifications, amendments or supplement need to be made at the closing).

26. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Selling Debtor is a party or which has been assigned by the Selling Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

27. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. The requirement set forth in Local Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Sale Motion or otherwise waived.

29. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these chapter 11 cases, the terms of this Order shall govern.

30. To the extent there are any inconsistencies between the terms of this Order and the Purchase Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall control.

31. Notwithstanding anything to the contrary contained herein, the Bidding Procedures Order remains in full force and effect and shall be binding on the Selling Debtor and the Purchaser in all respects.

DATE: New York, New York
August 1, 2007

SO ORDERED:

/s/Burton R. Lifland____
UNITED STATES BANKRUPTCY JUDGE