**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Calpine Corporation, <u>et al.</u>, <br><br>                    Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 05-60200 (BRL) <br> ) Jointly Administered <br> ) |

**ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME THE CONSTRUCTION AND OPERATING AGREEMENT BETWEEN THE CITY OF SANTA ROSA AND GEYSERS POWER COMPANY, LLC; AND (B) APPROVING CERTAIN AMENDMENTS THERETO**

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for entry of an (a) Authorizing the Debtors to Assume the Construction and Operating Agreement between the City of Santa Rosa and Geysers Power Company, LLC and (b) Approving Certain Amendments Thereto; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

    1.    The Motion is approved in its entirety.

    2.    The Second Amendment to the Construction and Operating Agreement is approved in its entirety.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3. The Debtors are deemed to have assumed the Construction and Operating Agreement, as amended by the Second Amendment, pursuant to section 365 of the Bankruptcy Code.

4. There are no cure amounts required to be paid prior to the assumption of the Construction and Operating Agreements and the Debtors are deemed to have fully cured all defaults arising under the Construction and Operating Agreement that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).

5. The City is barred and permanently enjoined from asserting against the Debtors any default, claim or liability existing, accrued, arising or relating to the Construction and Operating Agreement for the period prior to the entry of this Order; *provided*, *however*, that nothing herein shall reduce, expunge, eliminate or otherwise affect the City's claim against the Debtors based on the Geysers fire (designated as Claim No. 5540).

6. The Debtors have demonstrated adequate assurance of future performance and have satisfied the requirements of section 365(b)(1)(C) of the Bankruptcy Code.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The requirement set forth in Rule 9013-1(b) of the Local Rules that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

10. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
September 11, 2007

/s/Burton R. Lifland_____
United States Bankruptcy Judge