# Exhibit 13

# Management and Director Equity Incentive Plan

# THE CALPINE MANAGEMENT EQUITY INCENTIVE PROGRAM[1]

| TERM | DESCRIPTION |
|---|---|
| **Program Description and Purpose** | The purpose of the Management Equity Incentive Program (the "MEIP") of Calpine Corporation, a Delaware corporation ("Calpine"), is to provide incentives for future endeavors and to advance the interests of Calpine and its stockholders by encouraging ownership of the New Calpine Common Stock by its employees and to enable Calpine to compete effectively with other enterprises for the services of such new employees as may be needed for the continued improvement of Calpine's business.<br><br>The MEIP generally provides for grants of certain equity-based incentives to Eligible Participants (as defined below) as a benefit of employment with Calpine (each, an "Award"). |
| **Award Types** | The MEIP shall consist of two Award types. The first will be a one-time grant made on the Effective Date (the "Emergence Awards") and the second will be recurring Awards granted annually (the "Annual Awards"). |
| **Annual Awards** | The number of grants, participants, grant size, grant type, and other terms of the Annual Awards shall be decided by Reorganized Calpine's Board of Directors (the "New Board"); provided, however, that the New Board shall make such determinations no later than 90 days after the Effective Date with respect to the first Annual Award (i.e., for 2008), which shall begin to vest no later than one year after the Effective Date (rather than from the date of the Award). The Annual Award may include certain performance criteria for vesting purposes for senior vice presidents and above as may be determined by the New Board. |
| **Term** | The MEIP shall be effective as of the Effective Date. The MEIP shall terminate on the earlier of (a) the tenth anniversary of the Effective Date or (b) such earlier time as the New Board may determine. Any Award outstanding under the MEIP at the time of its termination shall remain in effect in accordance with its terms and conditions and those of the MEIP. No Awards shall be granted under the MEIP after the termination date of the MEIP. |
| **Management Equity Incentive Program Equity** | Up to 3% of the New Calpine Common Stock issued and outstanding on the Effective Date (the "MEIP Equity Pool") shall be reserved for Awards under the MEIP. Approximately 1.3% of the MEIP Equity Pool shall be granted through the Emergence Awards, with the remainder being held in the MEIP Equity Pool for grants of Annual Awards by the New Board.[2] |
| **Emergence Awards** | *Eligible Participants*<br><br>On the Effective Date, the "Eligible Participants" in the Emergence Awards shall comprise approximately 2,200 individuals, including all full-time employees of Calpine.<br><br>*Aggregate Award Amount*<br><br>The aggregate total value of the Emergence Awards shall be approximately $66,586,000. |

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Debtors' *Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6139] (as may be subsequently amended, the "Plan").

[2] To the extent any currently open position is not filled until after the Effective Date, any Award allocated for such a position shall revert to the MEIP Equity Pool to be used by the New Board to attract parties to the unfilled position and to satisfy future Awards.

1

| TERM | DESCRIPTION |
|---|---|
| | *Composition of Awards* |
| | **Composition of Awards for Calpine's Named Executive Officers**[3] |
| | • Robert P. May, Chief Executive Officer[4]     $10,908,000 |
| | • Gregory L. Doody, EVP, General Counsel, Secretary     $2,004,000 |
| | • [Open], Chief Operating Officer     N/A |
| | • [Open], Chief Financial Officer     N/A |
| | • [Open], Chief Administrative Officer     N/A |
| | **Composition of Awards for Other Executive Vice Presidents and Senior Vice Presidents** |
| | In general, Emergence Awards for other executive vice presidents and senior vice presidents shall consist of 300% of the executive's competitive Annual Award, with 25% of the Award in stock options and 75% of the Award in restricted stock. |
| | **Composition of Awards for Managers, VPs, and Directors** |
| | In general, Emergence Awards for managers, vice presidents, and director-level employees shall consist of 200% of the manager's competitive Annual Award, with 25% of the Award in stock options and 75% of the Award in restricted stock. |
| | **Composition of Awards for all other Employees** |
| | Emergence Awards for all other employees shall consist of stock options with a value equal to $7,500. |
| **General Vesting of Emergence** | *Timing of Vesting* |
| | For executives (i.e., senior vice presidents and above), 50% of the Emergence Award shall vest 18 months from the date of the Award and 50% shall vest 36 months from the |

---

[3] The Debtors cannot be certain who will constitute the Named Executive Officers on the Effective Date. However, the Debtors currently anticipate that the Named Executive Officers on or soon after the Effective Date will consist of the two listed employees plus employees who will fill the three open positions.

[4] Any Awards made to Robert P. May shall be subject to the limiting language applicable to such grants set forth in Article IV.O of the Plan, which language shall be incorporated into any relevant plan documents. Article IV.O of the Plan provides, in pertinent part, that:

> With respect to Robert P. May, as Chief Executive Officer of Reorganized Calpine, if Mr. May has not entered into a new employment agreement with Reorganized Calpine within six months after the Effective Date, the initial grant under the Management and Director Equity Incentive Plan to Mr. May shall be null and void and Mr. May shall not be entitled to any additional compensation on account thereof; provided, however, that if there is a change in control in Reorganized Calpine while Mr. May is employed as the Chief Executive Officer within six months after the Effective Date, the initial grant under the Management and Director Equity Incentive Plan to Mr. May shall vest and remain in full force and effect regardless of whether Mr. May entered into a new employment agreement with Reorganized Calpine within six months after the Effective Date. All other terms and conditions of the Management and Director Equity Incentive Plan shall be determined by the board of directors of Reorganized Calpine. For purposes hereof, "change in control" shall mean the sale of all or substantially all of the assets of the Reorganized Debtors or the acquisition by one or more related entities of 50.1% or more of the New Calpine Common Stock. The board of directors of Reorganized Calpine shall determine the permanent long-term Chief Executive Officer of Reorganized Calpine and shall also discharge its other fiduciary duties in good faith and in accordance with applicable laws and regulations.

| TERM | DESCRIPTION |
|---|---|
| **Awards** | date of the Award. |
| | For managers, 50% of the Emergence Award shall vest 12 months from the date of the Award, 33% shall vest 24 months from the date of the Award, and 17% shall vest 36 months from the date of the Award. |
| | For all other employees, 100% of the Emergence Award shall vest 12 months from the date of the Award. |
| | *Criteria for Vesting* |
| | All or a portion of the Emergence Awards may be subject to certain performance vesting criteria subject to further good faith negotiations between the Debtors and the Creditors' Committee. |
| **Vesting in Change in Control Event** | Upon the occurrence of a change in control, all outstanding unvested Awards held by executive and senior vice presidents shall immediately vest. The definition of "change in control" for purposes of the MEIP shall be subject to further agreement between the Debtors and the Creditors' Committee. |
| **Vesting in Change in CEO Event** | Upon the occurrence of a change in the chief executive officer on or before 18 months after the Effective Date, all unvested Awards held by executive and senior vice presidents shall vest immediately upon the termination of the executive's employment either (a) by Calpine without Cause or (b) by the executive for "Good Reason." |
| | For purposes of the MEIP, "<u>Good Reason</u>" shall include any of the following: |
| | - assignment of a position that is of a lesser rank than held by the executive prior to the assignment and that results in the executive ceasing to be an executive officer of a company with securities registered under the Securities Exchange Act of 1934; |
| | - a material reduction in the executive's base salary or target bonus opportunity (including an adverse change in performance criteria or a decrease in ultimate target bonus opportunity) in effect the day prior to the Effective Date (as defined in the Plan); or |
| | - any change of more than fifty (50) miles in the location of the principal place of employment of the executive immediately prior to the effective date of such change. |
| | In no event shall any executive be entitled to accelerated vesting as a result of a change in the chief executive officer if such executive is terminated for Cause. |
| | For purposes of the MEIP, "<u>Cause</u>" shall include any of the following: |
| | - the grantee's act of fraud, dishonesty, misappropriation, or embezzlement with respect to the Corporation; |
| | - the grantee's conviction of, or plea of guilty or no contest to, any felony; |
| | - the grantee's violation of Calpine's drug policy or anti-harassment policy; |
| | - the grantee's admission of liability for, or finding by a court or the Securities and Exchange Commission (or a similar agency of any applicable state) of liability for, the violation of any "Securities Laws" (as hereinafter defined) (excluding any technical violations of the Securities Laws which are not criminal in nature). As used herein, the term "Securities Laws" means any Federal or state law, rule or regulation governing the issuance or exchange of securities, including without limitation the Securities Act of 1933, the Securities |

3

| TERM | DESCRIPTION |
|---|---|
| | Exchange Act of 1934 and the rules and regulations promulgated thereunder; |
| | - the grantee's failure after reasonable prior written notice from Calpine to comply with any valid and legal directive of the chief executive officer or the board of directors that is not remedied within thirty (30) days of the grantee being provided written notice thereof from Calpine or the grantee's gross negligence in performance, or willful non-performance, of any of the grantee's duties and responsibilities with respect to Calpine that is not remedied within thirty (30) days of the grantee being provided notice thereof (for purposes hereof, the grantee shall not have acted in a "willful" manner if the grantee acted, or failed to act, in a manner that he believed in good faith to be in, or not opposed to, the best interests of Calpine); or |
| | - other than as provided above, the grantee's material breach of any material provision of the MEIP that is not remedied within thirty (30) days of the grantee being provided written notice thereof from Calpine. |
| **Vesting in Other Circumstances** | For executive and senior vice presidents, the vesting schedule may be altered as set forth below:<br>- Termination for Cause: No acceleration.<br>- Voluntary Termination: No acceleration.<br>- Termination without Cause: Except as otherwise provided in an applicable employment agreement or herein, no acceleration.<br>- "Good Reason" Termination: Except as otherwise provided in an applicable employment agreement or herein, no acceleration.<br>- Normal Retirement: Acceleration of all unvested Awards.<br>- Early Retirement: No acceleration.<br>- Disability: Normal vesting schedule applies.<br>- Death: Acceleration of all unvested Awards. |
| **Amendment** | The New Board, in its sole discretion, may at any time and from time to time alter, amend, suspend, or terminate the MEIP in whole or in part prospectively or retroactively, provided that no amendment to or termination of the MEIP shall affect adversely any of the rights of any grantee, without such grantee's consent, under any previously granted Award. |

K&E 12045768.3

# THE CALPINE DIRECTOR EQUITY INCENTIVE PROGRAM[1]

| TERM | DESCRIPTION |
| --- | --- |
| **Program Description and Purpose** | The purpose of the Director Equity Incentive Program (the "DEIP") of Calpine Corporation, a Delaware corporation ("Calpine"), is to provide incentives for future endeavors and to advance the interests of Calpine and its stockholders by encouraging ownership of Calpine's common stock by the non-employee members (the "Directors") of its board of directors (the "New Board") and to enable Calpine to compete effectively with other enterprises for the services of such new Directors as may be needed for the continued improvement of Calpine's business.<br><br>The DEIP generally provides for grants of certain equity-based incentives to Eligible Participants (as defined below) as a benefit of serving on the New Board. |
| **Term** | The DEIP shall be effective as of the Effective Date, and shall remain in effect as long as any Annual Awards (as defined below) under it remain outstanding. Any Award outstanding under the DEIP at the time of its termination shall remain in effect in accordance with its terms and conditions and those of the DEIP. No Awards shall be granted under the DEIP after the termination date of the DEIP. |
| **Award Type** | The DEIP shall consist of annual awards (the "Annual Awards") which continue as long as the DEIP remains in effect. |
| **Eligible Participants** | On the Effective Date, the "Eligible Participants" for the Annual Awards shall consist of the Directors serving on the New Board. |
| **Director Equity Incentive Program Equity** | Up to 0.03% of the New Calpine Common Stock issued and outstanding on the Effective Date (the "DEIP Equity").<br><br>The DEIP Equity shall consist of approximately 167,000 shares of restricted stock for distribution over a five-year period. |
| **Annual Awards** | The Annual Awards shall consist of annual grants of restricted stock with an initial value of $85,000. |
| **Change in Control Event** | Upon the occurrence of a change in control, all outstanding unvested Annual Awards, if any, shall immediately vest. The definition of "change in control" for purposes of the DEIP shall be subject to further agreement between the Debtors and the Creditors' Committee. |
| **Amendment** | The New Board, in its sole discretion, may at any time and from time to time alter, amend, suspend, or terminate the DEIP in whole or in part prospectively or retroactively, provided that no amendment to or termination of the DEIP shall affect adversely any of the rights of any grantee, without such grantee's consent, under any previously granted Annual Award. |

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Debtors' *Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6139] (the "Plan").