**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
In re

        Calpine Corporation, et al.,

                Debtors.

Chapter 11

Case No. 05-60200 (BRL)

Jointly Administered

-------------------------------------------------------------

**MEMORANDUM DECISION AND ORDER GRANTING DEBTORS'
MOTION TO DISALLOW CLAIM FOR BONUS COMPENSATION**

Calpine Corporation (Calpine) and its affiliated debtors (collectively with Calpine, the "Debtors") move for an order disallowing the claim filed by Mark Daley, a Calpine salesman, for unpaid bonus compensation for 2005. The claim is based on the Calpine Marketing and Sales 2003 Incentive Plan (the "MS Plan"), which vested Calpine with discretion to fund or not fund its bonus pool and to decide whether to pay bonuses.

With respect to funding, the MS Plan expressly provided that

> Funding the [MS Plan] bonus pool is subject to the prior approval of the Compensation Committee of the Board of Directors of the Company. The initial consideration in determining whether to recommend to the Compensation Committee to fund the [MS Plan] bonus pool will be an evaluation of [Marketing & Sales] as an organization in light of the Company's overriding principles of ethical conduct and integrity. It is expected that each [Marketing & Sales] employee will conduct Calpine's business in an open and honest fashion, and that the actions and decisions undertaken by [Marketing & Sales] will represent the Company with honor and distinction in the face of public scrutiny. The Office of the Chairman, in its sole discretion, will determine whether or not to recommend funding of the [MS Plan] bonus on the basis of these guiding principles.

*See* MS Plan, § IX. Funding the bonus pool was also based in part upon the financial performance of Marketing & Sales, *see id.*

With respect to individual bonus determinations, the MS Plan provided that

1

"[m]any factors are taken into consideration in determining an individual's bonus." *See* MS Plan, § X.

With respect to actual payment of bonuses, the Plan provided that

Distribution and payout of all [MS Plan] bonus amounts are at the **sole discretion** of Company management. The Company reserves the right to revise or rescind the plan at any time.

*See* MS Plan, § XV (emphasis added).

After Calpine commenced its chapter 11 cases and after consultation with the Creditors' Committee, Calpine decided not to fund or pay any bonuses for 2005 performance under the MS Plan and several other bonus plans given the company's financial distress. No employee including Mr. Daley moved before this Court at that time to compel the Debtors' to pay bonuses under, or fund the MS Plan. Calpine subsequently sought this Court's approval to implement a new Calpine Incentive Plan (the "New Plan") replacing all of the previous bonus plans, including the MS Plan. The New Plan was approved by this Court on May 15, 2006. Under the New Plan, Mr. Daley received a mid-year bonus in 2006.

Daley argues that despite the clear language of the MS Plan giving Calpine the sole discretion to fund the MS Plan and the right, *inter alia*, "to revise or rescind the plan at any time," Calpine's exercise of its discretion breached an implied covenant of good faith and fair dealing under California law.

**Discussion**

Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. *Carma Developers (Cal.), Inc. v. Marathon Development*

*California, Inc*. 2 Cal. 4th 342, 371 (1992).[1]  Under traditional contract principles, the implied covenant of good faith is read into contracts "in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Id.* at 373, *citing Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 690 (1988); *see also Brandt v. Lockhead Missiles & Space Co.*, 154 Cal. App. 3d 1124, 1129-30 (Cal. Ct. App. 1984) (rejecting an implied-covenant bonus claim and explaining that few principles of our law are better settled, than that the "language of a contract is to govern its interpretation, if the language is clear and explicit").  Accordingly, the covenant of good faith may not be read to prohibit a party from doing that which is expressly permitted by an agreement.  As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct "if defendants were given the right to do what they did by the express provisions of the contract there can be no breach." *VTR, Inc. Goodyear Tire & Rubber Co.*, 303 F. Supp. 773, 777-778 (S.D.N.Y. 1969); *see also Kelly v. Skytel Commc'ns Inc*., 2002 WL 461363, *1 (9th Cir. Feb. 25, 2002) (explaining that "when a contract expressly confers unrestricted discretion on one party, courts may not imply a covenant of good faith and fair dealing to limit that party's discretion and contradict the contract's express terms"); *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349-50 (2000) (rejecting an implied-covenant claim for wrongful termination, and explaining that an implied covenant of good  faith "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."); *Racine & Laramie, Ltd., Inc. v. Cal. Dep't of Parks and Recreation*, 11 Cal. App. 4th 1026, 1032 (Cal. Ct. App.

---

[1] The parties agree that California law governs this dispute.

1992) ("[T]he implied covenant [of good faith and fair dealings] is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract."); *Tollefson v. Roman Catholic Bishop*, 219 Cal. App. 3d 843, 854 (Cal. App. Ct. 1990) (explaining that the implied covenant of good faith "cannot be used to imply an obligation which would completely obliterate a right expressly provided by a written contract" and "cannot be used to rewrite a contract to include provisions entirely foreign to and expressly negated by the original"); *Gerdlund v. Elec. Dispensers Int'l,* 190 Cal. App. 3d 263, 277-78 (Cal. Ct. App. 1987) ("No obligation can be implied ... which would result in the obliteration of a right expressly given under a written contract.); *Brandt v. Lockheed Missiles & Space Co.*, *supra* at 1130.

Despite the language setting forth the ethical guidelines, the MS Plan provides Calpine unrestricted discretion regarding the decision to fund - or not fund - the bonus pool and to pay - or not pay - bonus compensation. Accordingly, Calpine's decision to not pay bonuses for the year 2005 was expressly permitted by the MS Plan and Calpine's objection to the Claim is sustained on that ground. *Seabury Constr. Corp. v. Jeffrey Chain Corp.,* 289 F.3d 63, 68 (2d Cir.2002) (stating that courts must effectuate the plain language of an unambiguous contract); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007) (stating that Courts interpret contract documents in accord with their plain language); *MacDonald v Commissioner*, 1934 WL 5416 (B.T.A. April 13, 1934) ("The courts will not disregard the plain language of a contract or interpolate something not contained in it. Here the language used by the parties is clear and unambiguous, and cannot be ignored however plausible the reasons advanced. The courts will not write contracts for the parties to them nor construe

them other than in accordance with the plain and literal meaning of the language used.").

Daley's new arguments that the claim should be allowed based upon the doctrines of promissory estoppel or estoppel by conduct or unjust enrichment are equally unavailing. The MS Plan is clear that award and payment of bonuses rested on the sole discretion of Calpine. Thus there were no promises or representations in the MS Plan guaranteeing that a bonus would be paid by Calpine and there is no dispute that Mr. Daley was paid his salary for the year 2005. The Claim is legally insufficient and accordingly, the Debtor's motion to disallow the Claim is granted.

IT IS SO ORDERED.

Dated: New York, New York
       March 12, 2008

/s/ Burton R. Lifland
United States Bankruptcy Judge