**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
In re

        Calpine Corporation, et al.,

                          Debtors.

Chapter 11

Case No. 05-60200 (BRL)
Jointly Administered

-----------------------------------------------------------

**MEMORANDUM DECISION AND ORDER DENYING MOTION**
**TO TOLL THE TIME PERIOD FOR FILING OF A COMPLAINT**
**SEEKING MODIFICATION OF AN ORDER OF CONFIRMATION**

On June 13, 2008, Elias Felluss, as a shareholder of Calpine Corporation (together with its affiliates, the "Debtors"), moved this Court for an order (the "Tolling Motion") tolling the time period within which to file an adversary proceeding seeking revocation of Debtors' Sixth Amended Joint Plan of Reorganization (the "Plan") pursuant to section 1144 of title 11 of the United States Code (the "Bankruptcy Code").[1] Mr. Fellus claims that the Plan was procured by fraud and should be revoked pursuant to section 1144 of the Bankruptcy Code.[2] The Reorganized Debtors and the official committee of unsecured creditors object.

**Background**

On December 19, 2007, this Court entered an order confirming the Debtors' Plan (the "Confirmation Order"). On December 31, 2007, Compania Internacional Financiera, S.A. and other creditors and equity holders (collectively, "Compania") filed a motion for reconsideration

---

[1] Mr. Felluss's motion is entitled "Elias A Felluss's Motion and Brief to Toll the Time Limit Set by 11 U.S.C. § 1144 and 11 U.S.C. § 1127 for the Filing of an Adversarial Proceeding Seeking Modification of an Order of Confirmation." However, section 1127 of the Bankruptcy Code only provides for the *proponent* of a plan to seek modification. Accordingly, Mr. Felluss is limited to seeking revocation of the order confirming the Plan pursuant to section 1144.

[2] In the alternative, Mr. Felluss also seeks a stay. However, this court has previously denied a stay pending appeal. *See* Order Denying Mot. of Compania Internacional Financiera, S.A., Coudree Global Equities Fund, Standard Bank Of London and Leonardo Capital Fund SPC for a Ltd. Stay Pending Appeal of Confirmation Order and Plan Modification Order, dated 1/24/2008 [Docket No. 7478].

1

(the "Motion for Reconsderation") of the Confirmation Order.  The Motion for Reconsideration was denied by order of the Court dated January 15, 2008.

On January 18, 2008, Compania filed a notice of appeal (the "Compania Appeal") of the Confirmation Order and this Court's order denying the Motion for Reconsideration in the United States District Court for the Southern District of New York (the "District Court").  Mr. Felluss joined the Compania Appeal.  Simultaneously, Compania filed a motion in this Court for a limited stay of the Confirmation Order, which was denied on January 24, 2008.

The District Court denied the Compania Appeal on June 9, 2008 (the "June 9 Decision").[3]  On June 13, 2008, Mr. Felluss filed the Tolling Motion with this Court requesting either 90 days from the entry of the District Court's decision on appeal, or an extension of fourteen days to the 180 day period allowed by section 1144 to file an adversary proceeding.

On June 20, 2008, the Reorganized Debtors filed their response to the Tolling Motion, stating that the time requirements of section 1144 were jurisdictional and could not be enlarged.  In the alternative, the Reorganized Debtors claimed that Mr. Felluss failed to show "exceptional circumstances" that would justify equitable tolling.

**Discussion**

The Tolling Motion seeks the same relief that Mr. Felluss has already once been denied.  Mr. Felluss filed a similar motion with the District Court on April 28, 2008, seeking to extend the time within which to file a complaint for revocation of the Confirmation Order under section 1144 of the Bankruptcy Code.  In that motion, Mr. Felluss claimed that the Compania Appeal, pending in the District Court, prevented him from commencing an adversary proceeding in the bankruptcy court.  The District Court, in its order denying Mr. Felluss's motion, found that Mr.

---

[3] And by order dated June 24, 2008, the District Court denied Mr. Felluss's motion for reconsideration of the June 9 Decision.  *See Decision and Order* dated June 24, 2008 [Docket no. 42].

2

Felluss had not suggested any reason why he could not commence an adversary proceeding in the bankruptcy court while the Compania Appeal was pending. *See Decision and Order* of the District Court, 08 Civ. 1286 (VM), dated May 1, 2008 (the "May 1 Order"). Despite the District Court's order, Mr. Felluss opted not to commence an adversary proceeding, but rather waited until June 13, 2008 to file the tolling motion- one day before his 180 day deadline to commence an adversary proceeding to seek revocation of a confirmation order under section 1144.

Moreover, Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Rules") provides that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144…." Section 1144 of the Bankruptcy Code allows interested parties 180 days from the date of an order confirming a plan to seek revocation of the order, but only if the order was procured by fraud. However, Rule 9006 expressly provides that the court may <u>not</u> enlarge the time within which to take action under Rule 9024. Strict compliance with the 180 day time period provided by section 1144 of the Bankruptcy Code is required. *See In re Orange Tree Associates, Ltd.*, 961 F.2d 1445, 1448 (B.A.P. 9th Cir. 1992) (citing 9 Collier on Bankruptcy ¶ 11.02[2] at 648 (14th ed. 1978) which states, a "court has no power to extend the time within which the motion [to revoke a confirmation plan] may be made."); *In re Newport Harbor Associates*, 589 F.2d 20, 24 (1st Cir. 1978) (stating that "notwithstanding the court's traditional equitable powers or the powers conferred by [Federal] Rule [of Civil Procedure] 60(b), strict compliance with the six month limitation period is a prerequisite to relief."); *In re Delta Air Lines, Inc.*, 2008 Bankr. LEXIS 1375 (Bankr. S.D.N.Y. 2008) (courts have been strict in enforcing the 180 day time period of section 1144); *In re Coffee Cupboard, Inc.*, 119 B.R. 14 (E.D.N.Y. 1990) (following the principle that 180 day limit in Section 1144 is strictly enforced even when the fraud was not discovered until after the 180 day period has expired); *see also In re*

*TM Carlton House Partners, Ltd.*, 110 B.R. 185, 188 (Bankr. E.D. Pa. 1990) ("there can be no question that the time bar of 11 U.S.C. § 1144 is jurisdictional").  Accordingly, this Court has no discretion under section 1144 to grant the relief sought by Mr. Felluss.

Even if Section 1144 and Rule 9006 did not expressly prevent this Court from enlarging the time within which to file a request for revocation of the Confirmation Order, this Court finds, as the District Court previously found, that Mr. Felluss has not demonstrated the "exceptional circumstances" for the relief requested.  *See* May 1 Order at 3 (finding that Mr. Felluss failed either to prove that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way").  Mr. Felluss's motion provides no evidence that he was unable to file a complaint throughout the 180 day period provided by section 1144 of the Bankruptcy Code.

**Conclusion**

For the reasons set forth above, this Court may not enlarge the period within which to commence an adversary proceeding seeking revocation of an order of confirmation under section 1144 of the Bankruptcy Code, and even if the Court could enlarge the period, Mr. Felluss has failed to demonstrate any cause to do so.  Accordingly, the Tolling Motion is denied.

IT IS SO ORDERED.

Dated:  June 25, 2008
         New York, New York            /s/Burton R. Lifland_____
                                       United States Bankruptcy Judge