**Continued Status Hearing Date: July 16, 2008 10:00 a.m. (EST)**

CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112-4024
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR CREDITOR
Robert Membreno, Trustee of SAI Trust

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | CHAPTER 11 |
| CALPINE CORPORATION, et al, | Case No. 05-60200 (BRL)<br>Jointly Administered |
| Debtor. | |

**STATUS REPORT OF ROBERT MEMBRENO, TRUSTEE OF SAI TRUST REGARDING DEBTORS' EIGHTEENTH AND TWENTY SECOND OMNIBUS OBJECTION TO SAI TRUST'S PROOFS OF CLAIM**

**TO: THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE**.

Robert Membreno, Trustee of SAI Trust ("SAI") files this status report regarding DEBTORS' EIGHTEENTH AND TWENTY SECOND OMNIBUS OBJECTION TO SAI's PROOFS OF CLAIMS (Debtors' Omnibus Objections") as follows:

**A. Status Hearing Continued From May 14, 2008.**

On May 13, 2008, Debtors served a notice of rescheduled hearings rescheduling from May 14, 2008 to June 11, 2008, a hearing on the states report on various omnibus objections by Debtors, including Debtors 18th and 22nd omnibus objections. The matter was subsequently continued to July 16, 2008.

SAI notes that the Debtors' notice of this hearing is, contrary to prior notices, characterized as a "Pre-Trial Conference". SAI notes from voice mail messages, email, and telephone conference

with Debtors' counsel that the purpose of this conference is to, as proposed in SAI's June 9, 2008, status report, to establish a pre-trial discovery and briefing schedule.

**B. Recent Prior History.**

On January 30, 2008, this Court held a hearing on SAI's Motion For Relief From Stay "Motion") wherein SAI moved the Court for relief from stay in order for SAI to pursue its pre-petition State Action in California where the parties, counsel, witnesses, and evidence were located. The Court denied the Motion and subsequently issued a related order

On January 30, 2008, the Court also considered Debtor's Omnibus Objections to SAI's amended proofs of claims (18th and 22nd). The Court did not rule on the matter and recommended mediation, the parties consented to mediation, and the Court ordered the parties to mediation. The Court subsequently issued a formal order.

**1. Mediation.**

On May 5, 2008, pursuant to the Court's order as described above, the parties participated in all day mediation before Hon. Rebecca Westerfield (Ret.) of JAMS ("Judicial Arbitration and Mediation Services"). SAI attended the mediation with Robert Membreno, from Nicaragua, Marc Membreno, John Flegel, former attorney for SAI and drafted of the contracts at issue in this matter, and counsel. The mediation was, as of May 5, 2008, unsuccessful.

At the conclusion of the mediation and in response to the mediator's proposal, SAI indicated it would consider retaining a 'forensic' accountant to review the issues and provide, as part of the mediation, Debtors and the mediator with a report relative to the costs increases and contract compliance issues.

However, as a result of the associated costs, time restrictions, lack of certified NPI statements from Debtors (although contractually required), and lack of discovery, SAI determined that until it received certified NPI statements from Debtors (as contractually required) and SAI was permitted to conduct discovery, such a 'forensic' accounting may be impossible, unproductive, and not cost effective. Simply, because Debtors used (and use) budgeted figures for several power plants to determine the NPI for one plant, refused (and refuse) to certify those figures as they are

**STATUS REPORT OF ROBERT MEMBRENO, TRUSTEE OF SAI TRUST REGARDING DEBTORS' EIGHTEENTH AND TWENTY SECOND OMNIBUS OBJECTION TO SAI TRUST'S PROOFS OF CLAIM**

2

contractually required to do, and SAI has not been allowed to conduct discovery, SAI was (and remains) precluded from auditing budgeted figures.

**2. Meet And Confer Regarding Pretrial And Scheduling.**

On Friday, July 11, 2008, Debtors' counsel and SAI's counsel conferred regarding a pretrial schedule but were not able to reach any agreements. SAI, as indicated below, recommends the following pretrial and trial schedule.

**C. Request For Pretrial Discovery Schedule And Trial Scheduling.**

SAI submits the Court should set a pretrial discovery schedule and trial date.

SAI, in response to one of the various omnibus claims objections and prior to the mediation order, propounded discovery on Debtors.[1] Debtors simply ignored such discovery and refused to produce and documents or information to SAI. Accordingly, SAI has not been able to pursue its claims during this bankruptcy.

SAI anticipates its discovery needs include limited written discovery, primarily document production from Debtors, requests for admissions from Debtors, and a one or two depositions. SAI also intends to formally inspect the power plant at issue. SAI submits that all discovery (documents and deponents) are located within California.

SAI understands Debtors wish to depose Marc Membreno, and perhaps Robert Membreno[2]. SAI does not object to these depositions, but simply reminds the Court that Robert Membreno resides in Nicaragua. SAI understands Debtors may wish to depose John Flegel, a former attorney for SAI, who is located in Northern California. Mr. Flegel was introduced to Debtors at the mediation as the attorney that assisted in the drafting of the subject agreements (contract and settlement agreement).

SAI submits that discovery should be completed within ninety days.

SAI recommends a discovery cut off date within 120 days and a pretrial hearing date at

---

[1] On August 2, 2007, SAI served a Request For Production Of Documents (and inspection).

[2] Although Debtors' counsel now suggests Robert Membreno's age may prevent him from offering competent testimony.

**STATUS REPORT OF ROBERT MEMBRENO, TRUSTEE OF SAI TRUST REGARDING DEBTORS' EIGHTEENTH AND TWENTY SECOND OMNIBUS OBJECTION TO SAI TRUST'S PROOFS OF CLAIM**

3

1. approximately 120 days and a trial date promptly thereafter.
2.     SAI fully anticipates, based on Debtors' refusal to comply with prior discovery and the recommendation of Debtors' counsel, that court assistance will be required before Debtors' will comply with SAI's discovery requests.

**D. Substitution of Counsel.**

    SAI, as a result of the court's denial of its motion for relief from stay, the failure of the California mediation, and the cost and expense going forward in New York, has determined to retain and substitute in as its counsel a local New York law firm and attorney. SAI intends to complete this substitution as soon as practical and asks that the schedule going forward accommodate new counsel and new counsel's needs and requests.

**E. Conclusion.**

    SAI recommends a discovery cut off date within 120 days and a pretrial hearing date at approximately 120 days and a trial date promptly thereafter.

Dated: July 14, 2008　　　　　　　　　　　　　　　CAMPEAU GOODSELL SMITH
　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ William J. Healy
　　　　　　　　　　　　　　　　　　　　　　　　William J. Healy

**STATUS REPORT OF ROBERT MEMBRENO, TRUSTEE OF SAI TRUST REGARDING DEBTORS' EIGHTEENTH AND TWENTY SECOND OMNIBUS OBJECTION TO SAI TRUST'S PROOFS OF CLAIM**

4