UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Calpine Corporation, <u>et al.</u>, ) | |
| ) | Case No. 05-60200 (BRL) |
| Reorganized Debtors. ) | Jointly Administered |
| ) | |

### ORDER GRANTING REORGANIZED DEBTORS' MOTION FOR SUMMARY ADJUDICATION DISCHARGING SAI TRUST'S CLAIM NOS. 6309, 6314, 6315, 6316, 6327 AND 6328 AND DENYING SAI TRUST'S MOTION FOR SUMMARY JUDGMENT

Upon the Reorganized Debtors' Motion (the "Reorganized Debtors' Motion"),[1] filed by Calpine Corporation and certain of its direct and indirect subsidiaries, as reorganized debtors (collectively, the "Reorganized Debtors"), seeking summary adjudication disallowing Proofs of Claim Nos. 6309, 6314, 6315, 6316, 6327 and 6328 filed by Robert Membreno, as Trustee of SAI Trust ("SAI Trust"), pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, as more fully described in the Reorganized Debtors' Motion; upon SAI Trust's Motion for Summary Judgment ("SAI Trust's Motion"); upon consideration of the supporting papers filed in these Chapter 11 cases; upon the record of a hearing before the Court held on September 24, 2008, (the "Hearing"), and upon the responses or objections to the Reorganized Debtors' Motion and SAI Trust's Motion having been resolved, withdrawn, or overruled on the merits, this Court finds and concludes that the Court has jurisdiction over the subject matter of the Reorganized Debtors' Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b); the legal and factual bases set forth in the Reorganized Debtors' Motion and on the record at the Hearing,

---

[1] Capitalized terms used but not defined herein shall have the meaning set forth in the Reorganized Debtors' Motion.

establish just cause for the relief granted herein; the relief requested in the Reorganized Debtors' Motion including, without limitation, the disallowance of the Proofs of Claim, as applicable, is in the best interests of the Reorganized Debtors, their estates, and their creditors; and notice of the Reorganized Debtors' Motion was sufficient and complies with the Claim Objection Procedures Order, and no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, and consistent the Court's Memorandum Decision on Reorganized Debtors' Motion for Summary Adjudication of SAI Claims and SAI Trust's Countermotion for Summary Judgment dated September 26, 2008,

IT IS HEREBY ORDERED:

1. The Reorganized Debtors' Motion is granted in its entirety.

2. SAI Trust's Motion is denied in its entirety.

3. Claim Numbers 6309, 6314, 6315, 6316, 6327 and 6328 are disallowed and expunged in their entirety.

4. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

5. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Reorganized Debtors' Motion.

6. The requirement set forth in rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York is satisfied by the contents of the Reorganized Debtors' Motion.

7. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: September 30, 2008
      New York, New York

                                        /s/Burton R. Lifland_____
                                    UNITED STATES BANKRUPTCY JUDGE