**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NH&S File No.:       00000840LCG


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| CALPINE CORPORATION, et al, | ) | Case No. 05-60200 (BRL) |
| | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | |
| | ) | |


## STATEMENT OF ISSUES ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Robert Membreno, as Trustee for SAI Trust, ("Appellant"), by and through his counsel Nicoletti Hornig & Sweeney, hereby submits the following statement of issues to be presented on appeal from (i) the Bankruptcy Court's Memorandum Decision [Docket No.: 7975] and subsequent Order granting the Claims Objection (the "Claims Objection Order) [Docket No.: 7981] entered in this case on September 30, 2008 and disallowing and expunging under §502 of the Bankruptcy Code, SAI's Proofs of Claim Nos. 6309, 6314, 6315, 6316, 6327 and 6328 and (ii) any and all earlier adverse orders and rulings.

1. Whether the Bankruptcy Court erred in ordering that Claim Numbers 6309, 6315, 6316, 6327 and 6328 are disallowed and expunged in their entirety.

2. Whether the Bankruptcy Court erred in denying SAI Trust's Motion for Summary Judgment

3. Whether the Bankruptcy Court erred in granting Debtors' Motion for Summary Adjudication and granting the Claims Objection

4. Whether the Bankruptcy Court erred in determining that the unexplained and unsubstantiated expenses which unilaterally were inserted by Debtors in the monthly NPI statements beginning in April 2001 are properly included in the calculation of NPI

5. Whether the Bankruptcy Court erred in failing to apply standard rules of contract interpretation and determining that the term "Project direct operating expenses" is broad enough to encompass expenses from 18 other plants which are not the subject of the Agreement for Purchase entered into between SAI and Debtors.

6. Whether the Bankruptcy Court erred in determining that were Debtors to continue to make NPI payments to SAI Trust in accordance with the Agreement of Purchase it would result in a windfall to SAI Trust.

7. Whether the Bankruptcy Court erred in overlooking a December 1989 letter agreement authored by Debtors which set forth the precise line item expenses that were to be charged in calculating monthly NPI.

8. Whether the Bankruptcy Court erred in overlooking an eleven year course of dealing which established the manner in which NPI would be calculated.

9. Whether the Bankruptcy Court erred in finding that a dispute arose in 1994.

10. Whether the Bankruptcy Court erred in determining that SAI Trust's collateral estoppel argument is without merit.

11. Whether the Bankruptcy Court erred in determining that res judicata argument is without merit.

12. Whether the Bankruptcy Court erred in determining that despite a clear breach of the contract, SAI Trust is nevertheless unable to prove any damages proximately caused from Calpine's failure to provide certified NPI statements.

13. Whether the Bankruptcy Court erred in overlooking the fact that Debtors use budgeted as opposed to actual expenses in calculating NPI.

14. Whether the Bankruptcy Court erred in finding that Debtors have provided adequate underlying information to confirm Debtors' calculation of NPI.

15. Whether the Bankruptcy Court erred in denying at oral argument SAI Trust's post-petition damages resulting from the continuous breach of contract by Debtors.

16. Whether the Bankruptcy Court erred in denying at oral argument SAI Trust's petition for attorneys' fees as permitted under the Agreement for Purchase.

Dated: New York, New York
October 23, 2008

Yours, etc.,

**NICOLETTI HORNIG & SWEENEY**
Attorneys for
*Robert Membeno, Trustee for SAI Trust*

By: /s/ Lawrence C. Glynn
Lawrence C. Glynn (LG-6431)
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
NH&S File No.:    00000840LCG